25 F.3d 1051
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James J. KENDRICK, Defendant-Appellant.
 No. 93-3865.
 United States Court of Appeals, Sixth Circuit.
 June 3, 1994.
 
 Before: NELSON and SILER, Circuit Judges; and HACKETT, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant James J. Kendrick appeals his conviction for knowingly transporting and shipping child pornography in interstate commerce by mail. Kendrick argues that the district court erred in refusing to allow him to withdraw his guilty plea, limiting his right of allocution, imposing sentence at the high end of the applicable guideline range, and denying his request for a downward departure. We affirm.
 
 I.
 
 2
 On October 4, 1990, Kendrick responded to an undercover advertisement by requesting catalogs and order forms for sexually-oriented material relating to "young girls." Later, on April 11, 1991, Kendrick responded to an undercover newsletter by requesting photos, magazines, and videotapes depicting "teen and preteen sex." Between July and September 1992, Kendrick and an undercover detective in Louisville, Kentucky, corresponded by mail. Their letters, among other things, discussed Kendrick's prior experience with child molestation and the possibility that Kendrick would give the detective's three children "special [i.e., sexual] education." On September 14, 1992, Kendrick mailed photocopies of seven sexually explicit photographs to Louisville. This led postal inspectors to execute a search warrant at Kendrick's home on September 29, 1992, where they recovered a great deal of sexually explicit material.
 
 
 3
 Based on the foregoing, Kendrick was charged with knowingly transporting and shipping child pornography in interstate commerce by mail, in violation of 18 U.S.C. Sec. 2252(a)(1), and knowingly receiving child pornography in foreign commerce by mail, in violation of 18 U.S.C. Sec. 2252(a)(2). On February 19, 1993, Kendrick pled guilty to count 1, charging a violation of Sec. 2252(a)(1). In exchange, the government recommended dismissal of the Sec. 2252(a)(2) count and application of USSG Sec. 2G2.4 in setting Kendrick's base offense level at ten, enhanced under Sec. 2G2.4(b)(1) to twelve.[1] The presentence report calculated the adjusted offense level at fifteen, using Sec. 2G2.2 vice Sec. 2G2.4.[2] At sentencing, on July 9, 1993, the district court rejected the recommendation of both parties and the probation office and instead chose to apply USSG Sec. 2G2.2, as amended in 1991, in setting Kendrick's adjusted offense level at seventeen. That was reduced to a level of fourteen, after the court decreased by three levels for acceptance of responsibility under Sec. 3E1.1(b). As a consequence, the sentencing was continued at Kendrick's request. On July 26, 1993, Kendrick filed a motion to withdraw his plea, which was denied. On August 2, 1993, at a second sentencing hearing, Kendrick was sentenced to twenty-one months imprisonment and three years of supervised release.
 
 II.
 
 4
 Kendrick first argues that the district court erred in refusing to allow him to withdraw his guilty plea. Essentially, Kendrick argues that the district court erred in denying his motion for withdrawal because both parties mistakenly assumed that USSG Sec. 2G2.4 applied instead of USSG Sec. 2G2.2.[3] Kendrick further argues that the government's promise to recommend application of Sec. 2G2.4 was illusory because "the district court did not have the discretion to choose between Sec. 2G2.2 and Sec. 2G2.4." We review the decision denying Kendrick's motion for withdrawal for abuse of discretion. See United States v. Goldberg, 862 F.2d 101, 103 (6th Cir.1988). Here, the parties understood that the government's recommendation of an erroneous base offense level was not binding and neither party was affirmatively misled into thinking that the district court would accept the recommendation. For these reasons, this case is unlike those relied upon by Kendrick, see, e.g., United States v. Watley, 987 F.2d 841, 847 (D.C.Cir.1993) (defendant affirmatively misled due to mistake concerning the existence of a mandatory imprisonment term), and there was no abuse of discretion.
 
 
 5
 Kendrick next argues that the district court erred in limiting his right of allocution under Fed.R.Crim.P. 32(a)(1)(B) at the sentencing hearing. Essentially, Kendrick asserts that his attorney was denied "an opportunity to speak on behalf of the defendant," id., in response to a statement made by the government suggesting that Kendrick was minimizing the seriousness of his conduct. However, the record reveals that Kendrick's attorney had already been given an ample opportunity to address various matters relating to Kendrick's sentence and, although Kendrick argues that his attorney was denied a chance to speak on "new matters" raised by the government's statement, he identifies no such matters. Thus, there was no error in limiting the right of allocution.
 
 
 6
 Kendrick further argues that the district court erred in sentencing him at the high end of the applicable guideline range. However, we lack jurisdiction to review this claim because Kendrick's sentence falls within the applicable guideline range and Kendrick fails to identify a specific legal error in its formulation. See United States v. Lovins, 993 F.2d 1244, 1245-46 (6th Cir.1993). Finally, Kendrick argues that the district court erred in denying his request for a downward departure under USSG Sec. 5K2.0. However, this claim is likewise unreviewable. See United States v. Morgan, 986 F.2d 151, 152 (6th Cir.1993).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The government was not only wrong in agreeing that Sec. 2G2.4 vice Sec. 2G2.2 was applicable, but it failed to use the most recent guidelines for Sec. 2G2.4, which provided for a base offense level of thirteen, enhanced by two levels under Sec. 2G2.4(b)(1) to fifteen
 
 
 [2]
 The probation office also erred by failing to use the most current guidelines for Sec. 2G2.2
 
 
 [3]
 Section 2G2.4 applies to possession of materials depicting a minor engaging in sexually explicit conduct. Section 2G2.2 applies to receiving, transporting, shipping, advertising, and trafficking in material involving the sexual exploitation of a minor as well as possession of such material with intent to traffic. Kendrick admitted to mailing photocopied photographs