**UNITED STATES of America, Plaintiff,**

v.

**Gregory SURRATT, Defendant.**

No. 1:92CR0353.

United States District Court,
N.D. Ohio,
Eastern Division.

Sept. 27, 1994.

William R. Evans, Cleveland, OH, for U.S.

Edward A. Heffernan, Cleveland, OH, for defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

The defendant, Gregory Surratt, has pled guilty to the federal indictment charging him with one count of knowingly receiving through the United States mail visual depictions of minors engaged in sexually explic-

it conduct, in violation of 18 U.S.C. § 2252(a)(2).[1] After hearing the parties' arguments on the issue of sentencing both in chambers and in open court, this Court sentences Surratt to imprisonment for a term of 24 months, to be served consecutive to the state sentence he currently is serving, to be followed by a three year period of supervised release. The Court recommends to the Bureau of Prisons that Surratt be permitted to serve his federal sentence at the Sexual Offender Treatment Program at the Federal Correctional Institution at Butner, North Carolina, or some other similarly oriented federal program.

The government has sought a number of enhancements and upward departures based on conduct by Surratt which it contends constitutes specific offense characteristics relating to the underlying federal offense. The Court finds that the conduct in question is no part of Surratt's offense of conviction, and in fact, most of the conduct offered by the government was the subject of the state prosecution as a result of which Surratt now is incarcerated in a state prison.

### I.

The facts underlying this case are not greatly disputed; the dispute centers on which facts are relevant for purposes of sentencing. Surratt responded to an advertisement for child pornography placed in a video magazine by postal inspectors. He wrote twice to the post office box listed in the advertisement indicating his definite interest in child pornography, and ordered magazines and videotapes, all of which depicted minors engaged in sexually explicit conduct.

Postal inspectors made a controlled delivery of the ordered material to Surratt's home on March 10, 1992, and shortly thereafter executed a search warrant there. They discovered, in addition to the recently delivered package, an enormous amount of adult pornography, sexual paraphernalia and videotapes, as well as pornographic photos of adult women over the faces of which Surratt had attached photos of his young daughter's face. When the videotapes were viewed, they revealed Surratt engaged in sexually explicit activities, up to and including sexual penetration, with his daughter, then approximately seven to nine years old.

On the strength of the conduct recorded in the videotapes confiscated from his home, Surratt was charged in state court in a 25 count indictment with multiple counts of attempted rape, attempted felonious sexual penetration, felonious sexual penetration and gross sexual imposition. Surratt pled guilty to one count of attempted rape and one count of attempted felonious sexual penetration on September 14, 1992, and was sentenced to eight to 15 years on each count, with the sentences to run consecutively, and eight years actual incarceration to be served on each count.[2] Under this sentencing scheme, Surratt will be in state custody for at least 16 years, up to a maximum of 30 years.

### II.

The base offense level applicable to a violation of 18 U.S.C. § 2252(a)(2) is 15, pursuant to U.S.S.G. § 2G2.2(a), entitled, in relevant part, "Receiving, Transporting, Shipping, or Advertising Material Involving the Sexual Exploitation of a Minor." It is unquestionable that the sentencing level must be increased by two levels in this case on the basis of specific offense conduct, because the material Surratt received in the mail "involved a prepubescent minor or a minor un-

1. Section 2252(a)(2) provides for the punishment of one who:

knowingly receives, or distributes any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce by any means including by computer or through the mails, if—

(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct;
and
(B) such visual depiction is of such conduct.

2. Although defense counsel disputes whether the state court used "actual incarceration" language, the record before the Court reflects that language.

der the age of twelve years." *See* U.S.S.G. § 2G2.2(b)(1). In his letters asking for the material, Surratt specifically requested "preteen material," and at least one of the videos Surratt ordered from the postal service sting operation involved two twelve year old girls and an eleven year old boy. Surratt's sentencing level therefore is raised to 17.

█ The government seeks an additional increase pursuant to § 2G2.2(b)(4),[3] however, contending that Surratt's activities with his daughter and possibly other minors represent a pattern of activity. Brief of the United States Regarding Application of the Sentencing Guidelines at 6 (Brief of the United States). Even accepting this contention as true, the government gains nothing thereby.

Subsection (b)(4) provides that "[i]f the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor," the offense level should be increased by five levels. The heading of subsection (b) is "Specific Offense Characteristics." In other words, enhancements included in subsection (b) are available when, *as part of the offense of conviction,* the defendant undertakes the actions listed therein.

The government argues that subsection (b)(4) is different from subsections (b)(1), (b)(2) or (b)(3) because it does not begin with the language "If the offense involved...." This argument is unavailing. The government appears to be suggesting that if the defendant *ever* engaged in such a pattern of behavior, whether as part of the charged offense or at a completely different time or place, subsection (b)(4) should apply. This Court cannot agree. If the Sentencing Commission had not intended for the language of subsection (b)(4) to be applied only to the specific offense of conviction, that language would not be included in subsection (b), entitled "Specific Offense Characteristics." The government has pointed to no persuasive authority to convince the Court that "specific offense characteristic" means anything other than characteristics specific to the offense of conviction.

It has not been alleged that Surratt engaged in a pattern of ordering child pornography through the mail, or any other pattern of behavior relevant to the offense of his federal conviction. The five level enhancement sought by the government therefore cannot be applied.

## III.

In deciding the criminal history category applicable to Surratt under § 4A1.1, this Court finds that Surratt appropriately is placed in criminal history category II.

Section 4A1.1(a) directs the sentencing court to add three points "for each prior sentence of imprisonment exceeding one year and one month." Section 4A1.2(a)(2) explains that "[p]rior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c)." Consequently, Surratt's two sentences imposed in the state court in 1992 are treated, for purposes of § 4A1.1(a) as one sentence, resulting in an addition of three points to his criminal history category, thereby placing him in category II.

█ Surratt contends that the conduct for which he was sentenced in state court—attempted rape and attempted felonious sexual penetration—constitute part of the offense conduct here, and therefore cannot be used to raise his criminal history category. Surratt is in error. He offers no support, other than his own statement, for the proposition that his state convictions were in any way part of the instant offense. He does not allege—and the Court does not find—any temporal relationship between his state offenses and his federal offense, nor do the state offenses appear to be similar in kind to Surratt's federal offense. There is no relationship between the offenses at all, aside from the fact that the videotapes of Surratt committing the state offenses were obtained during a search resulting from his federal offense. The offenses for which Surratt was sentenced in state court were sufficiently separate from his federal offense for this

---

**3.** Section 2G2.2(b)(4) and application Note 5 to § 2G2.2, although not reflected in the November 1, 1991, Guidelines Manual, were part of a group of amendments which took effect on November 27, 1991, pursuant to section 632 of Public Law 102–141.

Court to find that they should be used to place Surratt in criminal history category II.

### IV.

■ The government argued in the sentencing hearing, relying on an unpublished Fourth Circuit case, that Surratt is not entitled to a reduction in his sentencing level for acceptance of responsibility.[4] *See United States v. Bowen,* No. 90–5823, 1991 WL 93065 (4th Cir. June 5, 1991). In *Bowen,* the defendant initially pled guilty to a one count information, then withdrew that plea, requiring the government to indict him. Although Bowen ultimately pled guilty to one count of the two count indictment, he did so on the very eve of trial, and when asked for a statement at sentencing, he offered the fourth in a meandering series of explanations for his criminal behavior, most of which admitted no culpability for his actions. The trial court gave Bowen a two level reduction for acceptance of responsibility, finding that "on balance" such a reduction was appropriate.

The Fourth Circuit reversed the trial court on this issue, finding that the statement Bowen made to the court evidenced no acceptance of responsibility, and further that Bowen's only statement that could be considered an acceptance of any responsibility was followed and superseded by Bowen's evasive statement in open court.

Here, by contrast, at the hearing on his change of plea and sentence, Surratt plainly said, "I ordered this material. I never did see the material, but I did order it." He further acknowledged that he knew that the material he ordered was child pornography. This represents a sufficient acceptance of responsibility for Surratt's behavior in receiving the sexually exploitive materials for this Court to deduct two levels from his offense level calculation therefor.

> Entry of a plea of guilty prior to the commencement of trial combined with truthful admission of involvement in the offense and related conduct will constitute

significant evidence of acceptance of responsibility for the purposes of this section. However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility.

U.S.S.G. § 3E1.1, comment. (n. 3).

In this case, however, Surratt not only admitted to the factual basis for his plea, but expressed remorse for his actions and his intention to participate in a sexual offender treatment program as soon as he is eligible, and to assume the responsibility of being a productive member of society when he eventually is released from prison. Surratt is entitled to the reduction for acceptance of responsibility.

### V.

### Upward Departure

■ The government seeks an upward departure from the applicable guideline range on the basis of Sentencing Guidelines Commentary, Application Note 5 to § 2G2.2.

> If the defendant sexually exploited or abused a minor at any time, whether or not such sexual abuse occurred during the course of the offense, an upward departure *may* be warranted. In determining the extent of such a departure, the court should take into consideration the offense levels provided in §§ 2A3.1, 2A3.2, and 2A3.4 most commensurate with the defendant's conduct, as well as whether the defendant has received an enhancement under subsection (b)(4) on account of such conduct.

*Id.* (emphasis added). Although the government erroneously states that "Note 5 expressly instructs sentencing courts that an u[ward [sic] departure *is* warranted . . .," the language of note five is clear. *See* Brief of the United States at 7 (emphasis added). This Court is under no obligation to depart upward in sentencing this defendant.

---

**4.** In its July 14, 1994, brief, the government argued that Surratt should be required to "admit his entire criminal conduct regarding his daughter, [and] his other child victims." Brief of the

United States at 9. The government explicitly abandoned this argument on the record in the conference in chambers before the plea and sentencing.

Note five is intended to address behavior not otherwise reached in sentencing, and does not explicitly discuss the relevance of any sanctions the defendant may have received from another court for the referenced behavior. It is appropriate, in determining whether a departure is warranted, to consider whether the defendant already has been punished for sexually exploiting or abusing a minor, such that a departure would constitute double counting.[5] Here, Surratt is serving a state prison sentence totalling 16 to 30 years for sexually exploiting and abusing his daughter. If this Court departed upward on the basis of that behavior, Surratt would in effect be serving two sentences for one offense. Consequently, the upward departure will not be taken.

■ To the extent that the government seeks to have the Court consider Surratt's allegedly improper behavior toward other minors, this Court cannot find that such behavior is appropriately sanctioned here. The purpose of the Commentary to the Sentencing Guidelines, as stated by the Sentencing Commission, is to provide "policy guidance for the courts." United States Sentencing Commission *Guidelines Manual* at 6 (Nov. 1991). This Court can conceive of no policy which would be served by sentencing this defendant, convicted in this court solely of receiving child pornography through the mail, on the basis of unrelated alleged sexual abuse of other minors.

**Real Offense Conduct**

■ The government further argues for an upward departure in sentencing Surratt, stating that the "[d]efendant's real offense conduct is the prolonged sexual exploitation of children—his daughter and two other minors." Brief of the United States at 10. This statement patently is untrue. Surratt's "real offense conduct," as far as this Court is concerned, is the receipt of child pornography through the mail. Even if what the

government is trying—albeit inartfully—to say is that Surratt's sexual abuse of his daughter is relevant conduct to be considered for sentencing purposes, this Court finds that the government is incorrect. This Court does not find any of Surratt's alleged sexual abuse "relevant" to the offense of conviction.

The government's misunderstanding of the term "relevant conduct" is clearly delineated in this excerpt from the government's brief.

> The Government urges this Court to review carefully the exact behavior that must be punished, including all the relevant conduct, and not rely on state punishment where defendant can be "shocked" out.[6] In light of the clear language and policies of the sentencing guidelines this Court must address defendant's repeated rapes of his child and cannot abdicate this responsibility to another forum. Congress intended and designed the Guidelines to assure that defendant's [sic] are punished for their real offenses. Stated otherwise, sentencing courts are not to be limited as they were under a charge offense system. *See* U.S.S.G. §§ 1B1.3, 1B1.4 (Relevant Conduct, Information to be Used in Imposing Sentence).

Brief of United States at 11–12.

■ Surratt's offense of conviction, receiving child pornography through the mail, consisted of at most three separate acts: writing one letter and one order requesting child pornography, and receiving the pornographic material from the mail. The defendant is not alleged to have abused his daughter or anyone else "during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense, or ... otherwise ... in furtherance of that offense," *see* U.S.S.G. § 1B1.3(a)(1); instead, the government alleges that Surratt's "real offense conduct" is the sexual exploita-

---

**5.** *See, e.g., United States v. Ray,* No. 93–6022, 1993 WL 484713 (10th Cir. Nov. 24, 1993) (where defendant who made videotape of himself raping a minor and was convicted in federal court of possession of the tape, rape provided a proper basis for upward departure, as the defendant was not prosecuted in state court for that

offense and therefore was not already serving a sentence for it.)

**6.** This is a reference to shock probation, a creature of state law whereby the defendant potentially could be released on probation after serving a very small portion of his state sentence.

tion of his daughter and two other unidentified minors. A brief review of the elements of the offense of conviction reveals that this characterization is erroneous, and it cannot form the basis for an upward departure.

■ The government further cites to § 5K2.3 for the proposition that Surratt's "infliction of extreme psychological injuries on his daughter constitutes additional grounds warranting an upward departure." Brief of United States at 12. This Court need look no further than the first few words of that section to see that it does not apply in this case: "If a victim or victims suffered psychological injury.…" U.S.S.G. § 5K2.3. Surratt's daughter is not the victim of his federal offense, and § 5K2.3 therefore does not apply to make an upward departure proper in this case.[7] The government's reliance on § 5K2.8, relating to unusually heinous, cruel, brutal, or degrading behavior likewise is unavailing because Surratt's daughter was not the victim of his federal offense.

■ The government contends that "[a]lthough defendant received a state penalty, this does not guarantee that the United States and the specific victims' interests have been vindicated. Anything short of the maximum sentence would shock the conscience of a civilized society." Brief of the United States at 13. The argument advanced by the government is indicative of a frightening trend in federal law enforcement: it is somehow perceived that the states are incapable of managing the conviction and incarceration of persons who have violated state laws and offended against their communities, and the federal courts are being encouraged to take over that function in the states' place. This Court is willing to sentence Surratt for the violation of 18 U.S.C. § 2252(a)(2) to which he has pled guilty in this Court, and this Court is fully prepared to consider, as the sentencing guidelines intend, the whole person rather than just his offense conduct. *See* U.S.S.G. § 1B1.4 ("In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law.") This Court will not, however, additionally sentence this defendant for unrelated, irrelevant conduct already sanctioned by the state.

### Upward Departure from Criminal History Category

The government further draws this Court's attention to § 4A1.3 of the sentencing guidelines, asserting that this Court should sentence Surratt outside of the criminal history category originally determined to apply to him.

> If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.

*Id.*

■ The government contends that in light of Surratt's past conduct against children, and in light of the need to protect children from Surratt's potential criminal conduct against them, Surratt should be incarcerated for as long as possible. The government is again reminded, however, that Surratt already is serving a lengthy state sentence as a result of some of his past conduct. Although it is true that while Surratt is in prison his opportunity to commit similar offenses will be greatly limited, it is also true that he will be in state custody for a minimum of 16 years and perhaps as long as 30 years before he begins serving his federal

7. In cases relating to convictions under 18 U.S.C. § 2252(a)(2), the victim has been variously identified as society, or as the child portrayed in the material which is the subject of the § 2252 conviction. *See United States v. Toler*, 901 F.2d 399 (4th Cir.1990) ("[T]he primary victim under section 2252(a) is society in general, with the minor a secondary victim."); *United States v. Rugh*, 968 F.2d 750 (8th Cir.1992) ("[T]he primary victim under 18 U.S.C. § 2252(a)(2) is the exploited child."); *United States v. Smith*, 795 F.2d 841 (9th Cir.1986) (stating in dicta that the victims of the production of a child-pornography film were the children portrayed therein). In no instance has any other person been identified as a victim of a § 2252(a)(2) offense.

sentence. Surratt is 40 years old; he was 38 years old when sentenced in state court. He will be between 54 and 68 years old when he is released from state custody, and between 56 and 70 years old when he completes his 24 month federal sentence. Surratt will be on supervised release for three additional years, or until he is between 59 and 73 years old. It seems extremely improbable to this Court that after this lengthy incarceration, the imposition of eight years additional imprisonment—the maximum additional incarceration available under § 2252(a)(2)—will have a noticeable impact on Surratt's likelihood of recidivism.

Section 4A1.3 states that the sentencing court "may consider" departing from the applicable criminal history category; this Court has considered such a departure, and does not find that it is warranted. No such departure will be made.

## VI.

■ One of the questions raised in sentencing this defendant is whether Surratt's pedophilic activities are limited to his daughter or are evidence that he is a predatory pedophile, who obtains sexual gratification with children, and will seek them out for that purpose. If Surratt's predilections relate solely to his daughter, then her relatively advanced age at the time of Surratt's projected release from prison will make her continued victimization unlikely. If, however, Surratt is a predatory pedophile, he is likely to shift his focus to other children, and indeed may go looking for them to sate his desires.

After this Court's review of the report prepared by James K. Wolfson, M.D., staff psychiatrist at the Federal Medical Center at Springfield, Missouri, it appears that Surratt is a predatory pedophile. Although Dr. Wolfson's initial diagnosis was of "Pedophilia ... (apparently) limited to incest," he further noted that the intake staff at the Sexual Offender Treatment Program at the Federal Correctional Institution at Butner, North Carolina "construed his [Surratt's] behavior to be more of the 'predatory type' of pedophilia." Forensic Report at 19, 23. It appears that Surratt assaulted his daughter largely because she was available to him, rather than because he was interested solely in her. While the government insists that the only way to address the likelihood of Surratt's potential for recidivism in predatory pedophilia is to sentence him to the statutory maximum sentence for his federal offense, this Court does not so find. The sentence determined by the Court adequately addresses the government's concerns while helping Surratt—through the Sexual Offenders Treatment Program—to avoid recidivism.

## VII.

■ The government has asked this Court to impose a three year period of supervised release after Surratt's completion of his federal prison sentence. This Court finds that supervised release is particularly suitable in this case.

Section 5D1.2(b)(2) of the Sentencing Guidelines provides that a defendant convicted of a Class C felony, such as a violation of 18 U.S.C. § 2252(a)(2), can be sentenced to a term of supervised release for two to three years after his incarceration. In Surratt's case, such a scheme is likely to operate to his benefit, in that the Court and the probation department can impose on him restrictions intended to enable him to function in society without posing a threat to children. The government has sought as a special condition that Surratt not be allowed to see his daughter during the term of his release. It is difficult for anyone to judge at this time whether such a condition will be proper at the time Surratt finally is released from incarceration. This Court will leave to the probation department, and its authority to request a modification of the terms of supervised release, the determination of whether such a special condition is warranted when Surratt begins serving his term of supervised release.

## VIII.

■ The government contends that the sentence imposed by this Court is insufficient, and out of line with other courts' sentencing decisions in comparable cases. This Court disagrees. *See, e.g., United States v. Kendrick,* No. 93–3865, 1994 WL 242323 (6th

Cir. June 3, 1994) (defendant who sought child pornography and mailed photocopies of photos of minors engaged in sexually explicit conduct to detective and who admitted prior molestation and intent to commit further molestations was charged with violating §§ 2252(a)(1) and 2252(a)(2); he pled guilty to violating § 2252(a)(1) and was sentenced to 21 months imprisonment and three years supervised release); and *United States v. Dodge*, No. 91–6481, 1993 WL 1295 (6th Cir. Jan. 5, 1993) (defendant who sought child pornography from several different undercover sources and received videotape depicting sex acts between eight year old boys and nine year old girls was convicted of one count of violating 18 U.S.C. § 2252(a)(2); he was sentenced to 21 months imprisonment and ordered to pay a fine of $4000). Although courts have imposed higher sentences for violations of 18 U.S.C. § 2252(a)(2), the facts of this case do not warrant a higher sentence here.

## IX.

For the reasons noted above, Surratt therefore is sentenced to 24 months incarceration, to be served consecutively to his present state sentences, and three years supervised release with conditions, all as set forth in this Court's Judgment and Commitment Order. This order is final and appealable.

IT IS SO ORDERED.