**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Gregory SURRATT, Defendant–Appellee.**

**No. 94–4117.**

United States Court of Appeals,
Sixth Circuit.

Argued April 15, 1996.

Decided June 28, 1996.

**816**

Marilyn A. Bobula, Asst. U.S. Atty. (argued and briefed), Office of the U.S. Atty., Cleveland, OH, for U.S.

Edward A. Heffernan (argued and briefed), Cleveland, OH, for Gregory Surratt.

Before: MERRITT, Chief Judge; LIVELY and RYAN, Circuit Judges.

LIVELY, Circuit Judge.

The government appeals from the sentence imposed by the district court following the defendant's guilty plea to a charge of knowingly receiving through the mails visual depictions involving the use of a minor engaging in sexually explicit conduct. 18 U.S.C. § 2252(a)(2) (1988 & Supp. V 1993). Our principal concern is with the government's contention that the district court erred by not increasing the base offense level by five levels on the basis of a listed specific offense characteristic—"a pattern of activity involving the sexual abuse or exploitation of a minor." United States Sentencing Guidelines (U.S.S.G.) § 2G2.2(b)(4) (1993). For the reasons that follow, we affirm the sentence in part and vacate in part.

## I.

### A.

In December 1991, the defendant Gregory Surratt responded to an advertisement for child pornography in a magazine entitled "Video Xcitement." The advertisement had been placed there by undercover postal inspectors. Prompted by return correspondence from a postal inspector, the defendant wrote letters expressing a definite interest in "pre-teen material" and ordered two magazines and one videotape depicting pre-pubescent males and females engaging in sexually explicit conduct. On March 10, 1992, postal inspectors made a controlled delivery of the items ordered by the defendant to his residence. Shortly thereafter, law enforcement officials executed a federal search warrant for Surratt's home, seizing 51 Beta videotapes, an extremely large amount of adult pornography and photographs of the head of Surratt's minor daughter pasted over the faces of adult women in pornographic pictures. Upon review of the videotapes seized, investigators learned that the videotapes showed Surratt engaging in sexually explicit poses and sexual activity with his daughter, then approximately seven to nine years old. Further investigation by the United States Postal Inspection Service revealed evidence which suggested that the defendant had initiated sexually suggestive contact with at least ten neighborhood girls who associated with his daughter.

Based on the conduct recorded on the confiscated videotapes, Surratt was charged in an Ohio state court with attempted rape, attempted felonious sexual penetration, felonious sexual penetration and gross sexual imposition in a 25–count indictment. He pled guilty to one count of attempted rape and one count of attempted felonious sexual penetration, and was sentenced to eight to 15 years' incarceration on each count, to be served consecutively. He is therefore serving at least 16 years, and up to 30 years, in state custody.

### B.

After Surratt was charged in a single-count federal indictment for violating 18 U.S.C. § 2252(a)(2), the prosecution requested and the presentence investigation report recommended that he be given the maximum statutory sentence of 10 years' imprisonment. See 18 U.S.C. § 2252(b)(1) (Supp. V 1993). However, once Surratt pled guilty to the federal charge, the district court found that the proper sentencing range was 21 to 27 months, based on an offense level of 15 and a criminal history category of II. *United States v. Surratt*, 867 F.Supp. 1317, 1319–21

(N.D.Ohio 1994). The court determined the base offense level was 15, pursuant to U.S.S.G. § 2G2.2(a), increased the offense level by two points under U.S.S.G. § 2G2.2(b)(1) because the material received involved minors under the age of 12, and then decreased the offense level by two points because it found the defendant had accepted responsibility for his actions. *Id.* Rejecting the government's requests for further enhancements and upward departures, the court ultimately sentenced Surratt to 24 months of incarceration, to be served consecutive to his state sentence, followed by three years of supervised release. *Id.* at 1318.

In this appeal, the government challenges the court's refusal to consider any testimony or exhibits pertaining to the defendant's uncharged acts of sexual abuse and exploitation of minors. The government contends that such evidence at sentencing would have justified: (1) a five-level "pattern of activity" enhancement of the defendant's base offense level under U.S.S.G. § 2G2.2(b)(4); (2) an upward departure from the offense level pursuant to application note 5 of U.S.S.G. § 2G2.2; and (3) an upward departure from the defendant's otherwise applicable guideline range. The government also challenges a two-point reduction in the defendant's offense level, under U.S.S.G. § 3E1.1(a), for acceptance of responsibility.

## II.

### A.

█ The government sought to introduce evidence at sentencing to show that for two decades, the defendant had engaged in the sexual abuse and exploitation of more than a dozen minor females. The government's proffer of exhibits, submitted in anticipation of the defendant's change of plea and sentencing hearing, included evidence of the defendant's sexual abuse of his young daughter, of his interest in child pornography and of his alleged molestation of other identified minors. The government also wished to present testimony relating to the defendant's purported sexual abuse of his first wife, who was a minor during most of their marriage; testimony from an expert on predatory pedo-

philes; and testimony from a postal inspector regarding the investigation of the defendant. The court excluded the government's evidence, ruling that it was, for the most part, irrelevant to the charged offense. In addition, the court found that the expert testimony proffered was cumulative to evidence already considered by the court, because it had already concluded from psychiatric evidence submitted by the government that the defendant is, in fact, a predatory pedophile.

The government, however, insisted that the sentencing court was required to consider the evidence proffered in order to determine whether Surratt's "pattern" of activities with minors mandated an enhancement under U.S.S.G. § 2G2.2(b)(4). The court rejected this argument and held that U.S.S.G. § 2G2.2(b)(4) simply could not apply in this case as a matter of law. *Surratt,* 867 F.Supp. at 1320. Section 2G2.2 of the sentencing guidelines states in part:

(b) Specific Offense Characteristics

(1) If the material involved a prepubescent minor or a minor under the age of twelve years, increase by 2 levels.

(2) If the offense involved distribution, increase by the number of levels from the table in § 2F1.1 corresponding to the retail value of the material, but in no event by less than 5 levels.

(3) If the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, increase by 4 levels.

(4) If the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by 5 levels.

U.S.S.G. § 2G2.2(b) (emphasis in original). The commentary to subsection (b)(4) defines a "pattern of activity" as "any combination of two or more separate instances of the sexual abuse or the sexual exploitation of a minor, whether involving the same or different victims." *Id.* at cmt. (n.4). The district court found that the § 2G2.2(b)(4) enhancement was available only when there was a pattern of behavior "relevant" to the offense of conviction, and that no such pattern had been alleged in the case. *Surratt,* 867 F.Supp. at 1320. We review de novo the district court's

construction of the sentencing guidelines. *United States v. Carroll*, 893 F.2d 1502, 1508 (6th Cir.1990).

In support of its position, the government directs this court's attention to the "broader language" of subsection (b)(4) as compared to the language of the other specific offense characteristics in U.S.S.G. § 2G2.2. Unlike its counterparts, which refer to the "offense involved" or the "material involved," subsection (b)(4) focuses on the actions of "the defendant." This focus on the defendant's conduct, the government claims, indicates that the Sentencing Commission intended U.S.S.G. § 2G2.2(b)(4) to apply whenever there is a preponderance of evidence to show that the defendant engaged in two or more acts of sexual exploitation or abuse involving minors, no matter how attenuated those acts are from the charged offense. The government also points out that the 1991 amendments to U.S.S.G. § 2G2.2 specifically curtailed judges' discretion in sentencing such an offender by making a previously mandatory upward departure under the application notes discretionary,[1] but then adding subsection (b)(4) to dictate a minimum enhancement of five levels. See *Guidelines Manual* Appendix C, amendment 435 (1993).

### B.

The only appellate decision construing U.S.S.G. § 2G2.2(b)(4) of which we are aware agrees with the construction given to the subsection by the district court in the present case. See *United States v. Chapman*, 60 F.3d 894, 901 (1st Cir.1995). The *Chapman* court conducted a careful review of the text of the subsection and its placement in the guideline before concluding that it does not apply to past acts having no connection with

the offense of conviction. *Id.* We agree with the Court of Appeals for the First Circuit and find that there are limitations to what conduct the court may consider to determine the applicability of U.S.S.G. § 2G2.2(b)(4). We believe the existence of application note 5, which allows an upward departure on the basis of the defendant's past sexual abuse or exploitation of minors "whether or not such sexual abuse occurred during the course of the offense," strongly suggests that non-discretionary enhancement under subsection (b)(4) was directed at a more limited class of conduct. See *id.*

In *Chapman*, the defendant pled guilty to one count of interstate transmission of child pornography in violation of 18 U.S.C. § 2252(a)(1). *Id.* at 895. Because the government had evidence that the defendant had transmitted, over the course of a month, a total of four sexually explicit photographs of minors through a computer network to the same individual, the government recommended a five-level enhancement under U.S.S.G. § 2G2.2(b)(4) for this "pattern of activity." *Id.* at 896. The district court accepted the recommendation. *Id.* On appeal, the court of appeals vacated the sentence, holding that the trafficking of child pornography, by itself, could not constitute a pattern of "sexual exploitation" within the meaning of subsection (b)(4). *Id.* at 897; *accord United States v. Ketcham*, 80 F.3d 789, 795 (3d Cir.1996). The court found that the applicability of § 2G2.2(b)(4) was limited to instances where the defendant actually had abused or exploited minors "in conjunction with" his or her trafficking offense and which did not implicate the cross reference of § 2G2.2(c)(1).[2] *Chapman*, 60 F.3d at 899–901 n. 8.

---

1. Application note 5 to U.S.S.G. § 2G2.2 reads:

   If the defendant sexually exploited or abused a minor at any time, whether or not such sexual abuse occurred during the course of the offense, an upward departure may be warranted. In determining the extent of such a departure, the court should take into consideration the offense levels provided in §§ 2A3.1, 2A3.2, and 2A3.4 most commensurate with the defendant's conduct, as well as whether the defendant has received an enhancement under subsection (b)(4) on account of such conduct.
   U.S.S.G. § 2G2.2, cmt. (n.5) (1993).

2. U.S.S.G. § 2G2.2(c)(1) provides:

   If the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, apply § 2G2.1 (Sexually Exploiting a Minor by Production of Sexually Explicit Visual or Printed Material; Custodian Permitting Minor to Engage in Sexually Explicit Conduct; Advertisement for Minors to Engage in Production) if the resulting offense level is greater than that determined [by § 2G2.2(a)-(b)].

Our conclusion is bolstered by the subject matter of the guideline of which subsection (b)(4) is a part. The guideline, § 2G2.2, is entitled "**Trafficking in Material Involving the Sexual Exploitation of a Minor; Receiving, Transporting, Shipping, or Advertising Material Involving the Sexual Exploitation of a Minor; Possessing Material Involving the Sexual Exploitation of a Minor with Intent to Traffic.**" The offenses covered by the guideline all relate to trafficking in materials portraying sexual exploitation of a minor, not to the act of sexually exploiting a minor. Compare U.S.S.G. § 2G2.1 ("Sexually Exploiting a Minor by Production of Sexually Explicit Visual or Printed Material ..."). The government's construction of subsection (b)(4) would have it apply to conduct totally unrelated to the trafficking offenses addressed by the guideline.

■ Read in isolation, subsection (b)(4) might be given the government's construction. It cannot be read in isolation, however. As the Court of Appeals for the First Circuit made clear in *Chapman*, placement of subsection (b)(4) under the listing of "Specific Offense Characteristics" confines its application to past sexual abuse or exploitation activities related to the offense of conviction; that is, related to the charge of *trafficking* in the prohibited materials. See *Chapman*, 60 F.3d at 901. Here, as the district court found, Surratt's alleged sexual abuse of minors in the past was not at all related to the offense of which he was charged, the receipt of sexually explicit depictions of minors on March 10, 1992. The defendant's sexual abuse of his daughter, for example, occurred at least three years prior to the postal inspector's "sting" operation that resulted in Surratt's arrest.

In summary, we agree with the *Chapman* court's and the district court's conclusion that "specific offense characteristics" means characteristics specific to the offense of conviction. See *id.; Surratt*, 867 F.Supp. at 1320. By placing subsection (b)(4) under the heading "Specific Offense Characteristics," the Sentencing Commission limited the subsection's mandatory application. On the other hand, the references in application note 5 provide the framework in which a discretionary enhancement may be applied for sexual abuse and exploitation of minors occurring outside the activities involved in the offense of conviction.

### C.

During colloquy prior to entry of the guilty plea, the prosecuting attorney complained that the district court judge did not understand the government's argument concerning the application of subsection (b)(4). At oral argument before this court, government counsel again implied that the judge never understood the thrust of the government's contentions.

The record indicates otherwise. The district judge held that the conduct portrayed in the evidence proffered by the government was irrelevant because it concerned activity that was unrelated to the federally charged offense.‧ In the course of the colloquy, the judge used the terms "relevant conduct" and "departure." These are terms of art in the world of sentencing, and did not accurately characterize the government's contentions. Despite the careless use of these terms, however, it is clear that the district court understood that the government was arguing for application of a specific offense characteristic that would result in a five-level increase. The court clearly ruled, after hearing the prosecutor's argument at length, that Surratt's past pattern of abuse was "not a specific offense characteristic of the Federal offense." J.A. at 245. The district court understood the government's argument under subsection (b)(4), but disagreed with it.

*The district court did not err in declining to consider proffered evidence concerning a pattern of past activities of the defendant unrelated to the offense of conviction or in refusing to apply the five-level increase in § 2G2.2(b)(4).*

### III.

We consider next the government's contentions concerning upward departures.

U.S.S.G. § 2G2.2(c)(1) (1993).

## A.

The government sought an upward departure pursuant to application note 5 to U.S.S.G. § 2G2.2, quoted above in footnote 1. We believe Surratt's past abuse of minors properly could have been considered under this note if the district court had agreed that a departure was warranted. See *Chapman*, 60 F.3d at 901 n. 10. The government, however, now attempts to suggest that such a departure was mandated by the commentary to § 2G2.2, citing *United States v. Schmeltzer*, 20 F.3d 610, 614 (5th Cir.) (the application notes "require an upward departure '[i]f the defendant sexually exploited or abused a minor at any time'"), *cert. denied*, —— U.S. ——, 115 S.Ct. 634, 130 L.Ed.2d 540 (1994).

This court is not bound by *Schmeltzer*, and in any case, we do not agree with the *Schmeltzer* court's reading of the note. The plain language of application note 5 states that a departure "may" be warranted, clearly making such departure discretionary. U.S.S.G. § 2G2.2, cmt. (n.5); see also *Chapman*, 60 F.3d at 900 n. 8. "Where the district court was not unaware of its discretion to depart from the guideline range, and the sentence was not imposed in violation of law or as a result of an incorrect application of the guidelines, the failure to depart is not cognizable on appeal." *United States v. Griffith*, 17 F.3d 865, 882 (6th Cir.) (internal quotations and citation omitted), *cert. denied*, —— U.S. ——, 115 S.Ct. 149, 130 L.Ed.2d 89 (1994); see also 18 U.S.C. § 3742(b) (1988) (appeal of sentence by the government). Because the district court here was aware of its departure authority and correctly applied the sentencing guidelines, the district court's decision not to depart upward under application note 5 must be affirmed.

## B.

The government also argued below that departures based on U.S.S.G. §§ 4A1.3, 5K2.3 and 5K2.8[3] were warranted because: (1) the defendant's criminal history category underrepresented the seriousness of his prior criminal conduct and his recidivism; (2) his victims suffered extreme psychological injuries; and (3) his conduct was unusually heinous, cruel, brutal and degrading to the child victims. On appeal, the government maintains that the district court committed reversible error by not allowing it to put on evidence to justify such departures.

We disagree. First of all, §§ 5K2.3 and 5K2.8 do not even apply, as the district court found, since the subjects of the pornographic material were the "victims" in this case and the government proffered no evidence that those particular minors were harmed in a manner warranting departure. See *Ketcham*, 80 F.3d at 793 (for the purposes of grouping offenses under the guidelines, "the primary victims that Congress had in mind when it enacted 18 U.S.C. § 2252(a) were the children depicted in pornographic materials."); *United States v. Rugh*, 968 F.2d 750, 756 (8th Cir.1992) (same). Moreover, each section upon which the government relies for a departure contains permissive language, instructing the court that it "may" consider imposing a sentence above the authorized guideline range. U.S.S.G. §§ 4A1.3, 5K2.3, 5K2.8. The guidelines also permit, but do not require, the court to consider "without limitation, any information concerning the background, character and conduct of the defendant unless otherwise prohibited by law" in determining whether a departure is warranted. U.S.S.G. § 1B1.4 (1993).

**3.** Section 4A1.3 provides in part:
  If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.
  U.S.S.G. § 4A1.3 (1993).
  Section 5K2.3 states in part:
  If a victim or victims suffered psychological injury much more serious than that normally resulting from commission of the offense, the court may increase the sentence above the authorized guideline range.
  U.S.S.G. § 5K2.3 (1993).
  Section 5K2.8 provides in part:
  If the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim, the court may increase the sentence above the guideline range to reflect the nature of the conduct.
  U.S.S.G. § 5K2.8 (1993).

Perhaps the guideline most helpful to the government's case is § 6A1.3(a), which provides: "When any factor important to the sentencing determination is reasonably in dispute, the parties *shall* be given an adequate opportunity to present information to the court regarding that factor." U.S.S.G. § 6A1.3(a) (1993) (emphasis added). And although the current FED. R.CRIM. P. 32(c)(1), rewritten after the defendant was sentenced in this case, states that the sentencing court has the discretion to "permit the parties to introduce testimony or other evidence on the objections [to the presentence report]," the notes to that rule explain that "it may be an abuse of discretion not to permit the introduction of additional evidence" in light of U.S.S.G. § 6A1.3(a). FED. R.CRIM. P. 32(c)(1) and advisory committee's note to 1994 amendments (1996). In this case, the government filed objections to the presentence report to propose a different application of the guidelines (although it agreed with the recommended sentence), and clearly disputed the court's reluctance to apply any enhancements or departures. However, our review of the record convinces us that the district court did not abuse its discretion in refusing to conduct an evidentiary hearing at sentencing. The court did consider a report prepared by one of the government's experts, and concluded on that basis that the defendant was more likely than not a predatory pedophile. *Surratt,* 867 F.Supp. at 1324. Despite that conclusion, the court simply decided that it was not necessary to hear further evidence and that the sentence imposed adequately addressed the government's concerns about recidivism. *Id.* We find that the government was given an "adequate opportunity" to present evidence on the disputed factors.

## IV.

■ Finally, we consider the government's challenge to the district court's two-level decrease in Surratt's offense level for acceptance of responsibility. The determination of whether a defendant has accepted responsibility is a factual question which should be accorded great deference and should not be disturbed unless clearly erroneous. *United States v. Williams,* 940 F.2d 176, 181 (6th

Cir.), *cert. denied,* 502 U.S. 1016, 112 S.Ct. 666, 116 L.Ed.2d 757 (1991); see also U.S.S.G. § 3E1.1, cmt. (n.5) (1993) ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility.").

■ The sentencing guidelines provide that a defendant is entitled to a two-level reduction "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). The defendant bears the burden of showing by a preponderance of the evidence that the reduction is justified. *Williams,* 940 F.2d at 181. A defendant who pleads guilty is not entitled to a reduction as a matter of right. *United States v. Mahaffey,* 53 F.3d 128, 134 (6th Cir.1995); U.S.S.G. § 3E1.1, cmt. (n.3). However, the "[e]ntry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under § 1B1.3 (Relevant Conduct) ..., will constitute significant evidence of acceptance of responsibility...." U.S.S.G. § 3E1.1, cmt. (n.3).

■ The government apparently contends on appeal that the evidence of remorse in this case was "outweighed by conduct of the defendant that [wa]s inconsistent with [ ] acceptance of responsibility." *Id.* The government points to Surratt's presentence investigation report, which stated that two probation officers and an examining psychiatrist noted the defendant's "persistent attempts to deny and minimize his criminal conduct" after they interviewed him.

The district court had an erroneous impression of what the defendant denied. The court, commenting on the presentence investigation report, stated that Surratt blamed his whole history of abuse of his wife and daughter on drugs, "[b]ut I don't know that he has ever said that he only ordered this pornography because [he] was under the influence of something." J.A. at 257. Actually, however, the presentence report, at paragraph 43, states that "[t]he defendant attributed his behavior *in the in-*

**822**

*stant offense,* as well as with his daughter, to drug abuse, particularly cocaine." J.A. at 160. In paragraph 44 the probation officer wrote: "It appears that the defendant attempts to limit his involvement *in this case,* and blames *any* [sic] *of his behavior* on drug abuse. He does not accept personal responsibility for his conduct *in this case." Id.* (emphasis added in both quotations).

Given the district court judge's misapprehension concerning the effort of the defendant to blame his act of ordering the child pornography on drugs, we conclude that the reasons given by the court were insufficient to support an acceptance of responsibility reduction. The district court recognized that a defendant would not have accepted responsibility if he claimed as an excuse that he acted under the influence of drugs. J.A. at 256–57. Yet, Surratt apparently attempted to offer substance abuse as an excuse for ordering the child pornography right up to the time he changed his plea from not guilty to guilty. Surratt did not say he was sorry that he had ordered "some sexual material" for his pleasure until after the court indicated to Surratt's counsel that if Surratt pled guilty and expressed remorse the court would consider an acceptance of responsibility decrease. J.A. at 240, 271. In granting the two-level reduction, the court stated that Surratt had shown "some remorse for the offense that is charged here." J.A. at 276.

Although deference must be shown to a sentencing court's determination that a defendant is entitled to an acceptance of responsibility reduction, we do not believe the defendant carried his burden in the present case. The district court did not refer to the "appropriate considerations" for such a determination listed in application note 1 to U.S.S.G. § 3E1.1. See *Williams,* 940 F.2d at 182. Rather, the court granted the decrease solely on the basis of the defendant's expression of "some remorse." J.A. at 276. Based on the entire record of the defendant's efforts to avoid accepting responsibility, we do not believe his single statement at sentencing satisfied the requirements of the guidelines.

The district court's sentencing order is **AFFIRMED** insofar as it denied enhancements and departures. The order is **RE-**VERSED insofar as it granted a two-level reduction for acceptance of responsibility. The sentence is vacated, and the case is **REMANDED** for resentencing within the range provided for a base offense level of 17, category II.

Chief Judge Merritt would affirm the District Court on all points including the District Court's ruling on acceptance of responsibility.