**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bobby Ray HOWARD, Defendant–
Appellant.**

No. 02–6108.

United States Court of Appeals,
Sixth Circuit.

June 13, 2003.

Before: KEITH, BATCHELDER, and
CLAY, Circuit Judges.

## ORDER

Bobby Ray Howard pleaded guilty to possessing marijuana for intended distribution, a violation of 21 U.S.C. § 841(a)(1). On August 30, 2002, he was sentenced to thirty months of imprisonment and three years of supervised release. It is from this judgment that Howard now appeals. The parties have expressly waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

We review the district court's legal conclusions *de novo* and examine its factual findings for clear error. *United States v. Henderson,* 209 F.3d 614, 617 (6th Cir. 2000).

■ Howard argues that the district court should have held an evidentiary hearing to determine the date on which his current offense began. Howard must show that the court committed plain error in this regard because he did not request an evidentiary hearing at sentencing. *See United States v. Krimsky,* 230 F.3d 855, 858 (6th Cir.2000). The court did not abuse its discretion or commit plain error here, as the existing record provided an adequate basis for resolving his claims. *See United States v. Surratt,* 87 F.3d 814, 821 (6th Cir.1996).

■ Howard also argues that he should not have been assessed three criminal history points for a 1983 income tax fraud conviction under USSG § 4A1.1, as he was first paroled regarding that conviction on April 10, 1985, more than fifteen years before his current drug offense began. He relies upon the commentary to § 4A1.1, which provides in pertinent part as follows:

> § 4A1.1(a). Three points are added for each prior sentence of imprisonment exceeding one year and one month....

> A sentence imposed more than fifteen years prior to the defendant's commencement of the instant offense is not counted *unless the defendant's incarceration extended into this fifteen-year period.*

USSG § 4A1.1, comment. (n.1) (2001) (emphasis added).

Howard's argument fails because the plea agreement states that his current offense occurred between a date "in 1998" and May 9, 2000. Thus, the district court did not commit clear error by implicitly finding that his current conviction involved a continuing course of conduct that began in 1998, less than fourteen years after he was first paroled on his tax fraud sentence. Moreover, it is undisputed that Howard violated his parole and was re-incarcerated on his tax fraud conviction from March 12 through November 9, 1986. Hence, his current drug offense began within fifteen years of his incarceration in 1986, even if his current offense began on the latest date that was stipulated in the plea agreement. *See United States v. Rasco,* 963 F.2d 132, 136 (6th Cir.1992).

■ Howard also argues that he should not have been assessed an additional point under USSG § 4A1.1(e), as it is not clear that his current offense was committed within two years of his release from prison on a prior felony firearm sentence. The disputed guideline provides as follows:

> The total points from items (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.

> (a) Add **3** points for each prior sentence of imprisonment exceeding one year and one month.

> ....

> (d) Add **2** points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release,

imprisonment, work release, or escape status.

(e) Add **2** points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If **2** points are added for item (d), add only **1** point for this item.

USSG § 4A1.1 (2001).

Howard admits that he was properly assessed two criminal history points under § 4A1.1(d), because he was on supervised release from a felony firearm sentence when he committed his current drug offense. He argues, however, that he should not have been assessed an additional point under § 4A1.1(e), as it is not clear that he committed his current offense within two years of December 30, 1997, when he was released from prison on the felony firearm sentence. Again, this argument fails because the plea agreement indicates that Howard's current offense included conduct that occurred "in 1998," less than two years after his release from prison in 1997. Moreover, assessing an additional point under § 4A1.1(e) would not have affected Howard's criminal history category, even if it had been assessed in error. *See Henderson*, 209 F.3d at 618–19. This is so because he had already accumulated seven other criminal history points, which was sufficient to place him in Category IV. *See* USSG, Chap. 5, Pt. A, Sentencing Table (2001).

Accordingly, the district court's judgment is affirmed.