NOT RECOMMENDED FOR PUBLICATION
File Name: 16a0042n.06

No. 15-1131

**FILED**
Jan 22, 2016
DEBORAH S. HUNT, Clerk

**UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JACOB HIXSON, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:    BATCHELDER, McKEAGUE, and STRANCH, Circuit Judges

BATCHELDER, Circuit Judge. Defendant Jacob Hixson pleaded guilty to assault resulting in serious bodily injury in aid of racketeering. He was sentenced to 37 months' imprisonment. Hixson appealed his sentence, arguing that the district court had insufficient evidence to support the application of the Guidelines enhancement in U.S.S.G. § 2A2.2(b)(2)(B) for use of a dangerous weapon. Alternatively, Hixson argues that the district court should have held a separate evidentiary hearing for sentencing purposes. Finding no merit to his claims, we affirm the judgment of the district court.

**I.  FACTS AND PROCEDURAL HISTORY**

Jacob Hixon, an associate of the Latin Counts gang, assaulted "A.R." outside of a Chinese restaurant on April 29, 2014, while on "patrol" for his gang. A.R. suffered cuts and bruises on his face, including a cut on his chin that required 17 stitches.

Hixson was charged with a single count of assault resulting in serious bodily injury in aid of racketeering under 18 U.S.C. §§ 1959(a)(3) and 2. He pleaded guilty without a Rule 11 plea agreement. Hixson's revised Presentence Report included a four-level enhancement for using a "dangerous weapon" under U.S.S.G. § 2A2.2(b)(2)(B). At sentencing, the district court adopted the Sentencing Guidelines range as calculated in the revised Presentence Report with a total offense level of 21, placing his Guidelines range at 37–46 months' imprisonment.

At his sentencing hearing, Hixson objected to the "dangerous weapon" enhancement, claiming that he had not used a weapon during the assault. He relied on the storefront surveillance videotape which did not show a weapon, A.R.'s statement that he had not seen a weapon, comparisons of photographs of A.R.'s laceration with those of Mixed Martial Arts fighters, and testimony from Hixson's medical expert, Dr. Stubbs, who reviewed A.R.'s medical records. None of this persuaded the district court.

The district court found by a preponderance of the evidence that Hixson or his accomplices had used a dangerous weapon, citing: (1) the "long, clean laceration across [A.R.'s] chin," (2) A.R.'s statement that "he felt as if he was struck with a hard object," and (3) immediately after A.R. entered the hospital, Dr. Trachy's question of "[w]hat did you get cut with?" which he asked because "it was such a clean cut."

After ruling on Hixson's objection to the sentencing enhancement, and after A.R. provided a victim impact statement, Hixson's defense counsel asked the district court "if the Court would consider an evidentiary hearing on the issue of whether a weapon was used." The district court declined to hold the evidentiary hearing because it did not believe "it would assist the Court to have the individuals [Dr. Trachy and Dr. Stubbs] here available."

## II. STANDARD OF REVIEW

We review for clear error a district court's factual findings in support of a Sentencing Guidelines enhancement. *United States v. Byrd*, 689 F.3d 636, 639 (6th Cir. 2012). "A factual finding is clearly erroneous when the reviewing court is left with the definite and firm conviction that a mistake has been made," *id.* at 639–40, and sentencing facts must be supported by a preponderance of the evidence, *United States v. Louchart*, 680 F.3d 635, 637 (6th Cir. 2012). We review for abuse of discretion a district court's decision not to hold an evidentiary hearing at sentencing. *See United States v. Surratt*, 87 F.3d 814, 821 (6th Cir. 1996).

## III. ANALYSIS

On appeal, Hixson argues that the district court had insufficient evidence to support the Guidelines enhancement for use of a dangerous weapon under U.S.S.G. § 2A2.2(b)(2)(B). Hixson's four-level enhancement is predicated on either his use, or one of his co-gang members' foreseeable use, of a "dangerous weapon," defined as including any "instrument capable of inflicting death or serious bodily injury" and "includes any instrument that is not ordinarily used as a weapon." U.S.S.G. § 1B1.1 cmt. 1(D); U.S.S.G. § 2A2.2 cmt. 1 (incorporating the meaning of "dangerous weapon" found in § 1B1.1).

We are not convinced that the district court erred in finding that a dangerous weapon was used. A preponderance of the evidence supports that finding, particularly the evidence that: (1) the emergency room doctor who treated A.R., Dr. Trachy, believed that "the injuries sustained by [A.R.] were done with a sharp edged object, possibly a knife or bottle"; (2) A.R. remembered feeling like "the defendants struck him with a hard object"; and (3) the laceration itself was a clean cut.

Hixson argues that there was no direct evidence that a weapon was used during the assault. The surveillance videotape does not show the use of a weapon, and A.R. did not see a weapon. These facts, however, do not undermine the district court's finding. As the district court noted, the video was not helpful to the determination whether a weapon was or was not used because "it was raining . . . it's not a high quality video . . . and it was dark outside. . . . In addition, the car was positioned in a certain way between the camera and the actual assault[.]" The district court also noted that while A.R. did not see a weapon himself, this was not persuasive because "people often don't remember specific details of traumatic situations to be able to say specifically. He was in the midst of seeing whether he was going to survive this incident or not[.]"

Hixson also introduced a letter from a medical professional, Dr. Stubbs, who opined that the "laceration was most likely caused by blunt force trauma and not by a weapon" because the "wound is slightly jagged, and there is bruising around the edges of the wound." The court found this letter unpersuasive because: (1) Dr. Stubbs' opinion was based on A.R.'s medical records and photographs of the laceration, rather than a first-hand observation of the wound; (2) Dr. Stubbs' letter lacked information qualifying Dr. Stubbs as an expert witness; and (3) while Dr. Stubbs asserted that the use of a weapon would not result in bruising and a jagged wound, the court noted that the defendants punched and kicked the victim in the face, providing a "very obvious explanation for [the] bruising[.]"

The district court relied on the victim's statement, the statement of the victim's treating physician, Dr. Trachy, and the nature of the laceration itself to conclude that a preponderance of the evidence showed that a weapon was used in the assault. Accordingly, the district court's

finding that either Hixson or his co-defendants used a weapon during the assault was not clearly erroneous.

In the alternative, Hixson argues that the district court abused its discretion by denying the defendant's request for an evidentiary hearing to hear live testimony from Dr. Stubbs. This court reviews for abuse of discretion a district court's refusal to grant an evidentiary hearing at sentencing. *See, e.g.*, *Surratt*, 87 F.3d at 821.

At the sentencing hearing, Hixson did not request an evidentiary hearing until after the district court had found that a dangerous weapon was used. The district court denied this request, explaining that additional live testimony would not have been helpful because Dr. Stubbs saw only post-treatment photographs of the victim. Furthermore, Hixson has not suggested, either to the district court or on appeal, that live testimony would be necessary or helpful for any other purpose. The district court did not abuse its discretion in denying Hixon's request for an evidentiary hearing.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.