108 F.3d 1378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Edward SMITH; Jorge Samuel Bradley, Defendants-Appellants.
 Nos. 96-1041, 96-1130.
 United States Court of Appeals, Sixth Circuit.
 March 18, 1997.
 
 Before: BATCHELDER and COLE, Circuit Judges; SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 The two defendants in this appeal, James Edward Smith and Jorge Samuel Bradley, are two of eight defendants indicted for conspiring to distribute more than five kilograms of powder cocaine and over fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a) and 846. Smith and Bradley were also indicted on a forfeiture count resulting from their participation in the aforementioned conduct, which subjected certain property and interests to forfeiture pursuant to 21 U.S.C. § 853(a). Both defendants unconditionally pleaded guilty on these two counts.
 
 
 2
 Defendant Bradley appeals his conviction on double jeopardy grounds. Bradley raised this double jeopardy claim in the district court in a pretrial motion to dismiss, which the district court denied. Rather than preserving his claim by way of a conditional plea agreement, see FED.R.CRIM.P. 11(a)(2), Bradley voluntarily, intelligently and with the advice of counsel, entered an unconditional plea of guilty. Consequently, the defendant has waived his right to appeal this issue. See United States v. Broce, 488 U.S. 563, 574 (1989) (explaining that a guilty plea made voluntarily and intelligently with advice of counsel is generally not subject to collateral attack on appeal); Rickets v. Adamson, 483 U.S. 1, 11 (1987) (concluding double jeopardy clause is not implicated where defendant enters a plea bargain). Accordingly, we cannot review Bradley's double jeopardy claim. See United States v. Olano, 507 U.S. 725, 733 (holding that waived rights are not reviewable, even for plain error).
 
 
 3
 Defendant Smith raises three separate sentencing issues on appeal. First, Smith challenges an enhancement to his sentence for possession of a firearm under section 2D1.1 of the Sentencing Guidelines. Smith failed to raise this objection at sentencing, and, therefore, we are limited to review for plain error that affects Smith's substantial rights. FED.R.CRIM.P. 52(b); United States v. Barajas-Nunez, 91 F.3d 826, 830 (1996). Only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings should the court consider it necessary to address the error. Id. at 830. No such error is present here.
 
 
 4
 Pursuant to U.S. SENTENCING GUIDELINES MANUAL § 2D1.1(b)(1) (1995), a base offense level for drug manufacturing, importing, or trafficking is increased by two levels if a dangerous weapon, including a firearm, was possessed. In order for this enhancement to apply, the government must prove that the defendant possessed a firearm during the commission of the offense. United States v. Hill, 79 F.3d 1477, 1485 (6th Cir.), cert. denied, 117 S.Ct. 158 (1996). Once this burden is met, a presumption arises that such possession was connected to the offense. Id. The burden then shifts to the defendant to show that it was clearly improbable that the weapon was connected with the offense. Id. Possession may be actual or constructive; for constructive possession the defendant must have ownership, dominion, or control over the firearm or dominion over the premises where the firearm was located. Id.
 
 
 5
 Smith asserts that he should not have received a two-level enhancement under § 2D1.1(b)(1), because no "codefendant claimed a firearm was possessed during and in relation to a drug trafficking crime." We reject Smith's claim.
 
 
 6
 Pursuant to a search warrant, officers searched Smith's residence and found, among other things, two weapons. The record contains significant evidence of cocaine manufacture in and distribution from this residence throughout the conspiracy. Additionally, this was the residence in which Smith threatened the life of a government informant and his family if the informant testified against Smith about Smith's drug-trafficking activities. Smith failed to provide any evidence showing that it was clearly improbable that the weapon was connected with the offense. The district court did not commit plain error in enhancing Smith's offense level pursuant to § 2D1.1(b)(1).
 
 
 7
 In his second challenge to his sentence, Smith claims that the district court erred in attributing to him a quantity of 25 or more kilograms of crack cocaine. Findings of fact regarding the amount of drugs for which the defendant will be held accountable are reviewed for clear error. United States v. Nesbitt, 90 F.3d 164, 167 (6th Cir.1996). Under the relevant conduct section of the guidelines, U.S. SENTENCING GUIDELINES MANUAL § 1B1.3(a) (1995), a sentencing court has the discretion to consider all drugs associated with the defendant so long as the drugs were part of the same course of conduct or common scheme or plan as the offense of conviction. United States v. Hill, 79 F.3d 1477, 1481-82 (6th Cir.), cert. denied, 117 S.Ct. 158 (1996).
 
 
 8
 Having reviewed the record in its entirety, we find that it was not clearly erroneous for the district court to attribute 25 kilograms of crack cocaine to defendant Smith's drug activities. Moreover, Smith conceded in his pro se brief that he was involved in a course of conduct that involved over 1.5 kilograms of crack cocaine. Because the Drug Quantity Table for § 2D1.1 provides that the offense level for 1.5 kilograms is the same as the offense level for 25 kilograms of crack cocaine, even if we were to find error, the error would be harmless.
 
 
 9
 Third, Smith claims that the district court erred in failing to reduce his sentence for acceptance of responsibility pursuant to U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 (1995). It is the defendant's burden to prove his acceptance of responsibility by a preponderance of the evidence. United States v. Surratt, 87 F.3d 814, 821 (6th Cir.1996). The district court's finding regarding acceptance of responsibility is entitled to great deference and is to be reversed only if clearly erroneous. Id. Because such a determination is heavily dependent on the district court's assessment of the defendant's credibility, absent extraordinary circumstances, review in this regard will nearly always result in sustaining the district court's determination. United States v. Downs, 955 F.2d 397, 400 (6th Cir.1992). A defendant's entry of a guilty plea prior to the commencement of trial, combined with his truthfully admitting the offense conduct and any additional relevant conduct for which he is accountable under § 1B1.3 will constitute significant evidence of acceptance of responsibility. See U.S. SENTENCING GUIDELINES MANUAL § 3E1.1, comment. (n. 3) (1995).
 
 
 10
 In the present case, the record demonstrates that Smith continuously denied his obstructive conduct during the investigation, and significantly minimized the quantities of drugs involved and his role in the offense. The district court's findings that Smith had obstructed justice and had minimized his offense conduct were not clearly erroneous, and we will not disturb the court's decision to deny Smith a reduction for acceptance of responsibility.
 
 
 11
 Finally, Smith attempts to raise a challenge to the forfeiture of his property. Because Smith's December 25, 1995, Notice of Appeal does not encompass the district court's final judgment regarding Smith's forfeiture count, we may not review it here.
 
 
 12
 The judgments of the district court are AFFIRMED.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation