**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carol W. DONATHAN, Defendant–
Appellant.**

**No. 95–5051.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 10, 1995.

Decided Sept. 19, 1995.

Robert E. Rawlins, Asst. U.S. Attorney (argued and briefed), Lexington, KY, for plaintiff-appellee.

David Russell Marshall (argued and briefed), Nicholasville, KY, for defendant-appellant.

Before: KEITH, KENNEDY, and SILER, Circuit Judges.

KENNEDY, Circuit Judge.

A jury convicted defendant Carol W. Donathan of corruptly seeking and accepting $20,-000 to be influenced in her testimony as a witness under oath in a civil lawsuit pending in federal court, a violation of 18 U.S.C. § 201(b)(4). Defendant now appeals, asserting that the evidence was insufficient to support her conviction, that the District Court failed to properly instruct the jury and that her sentence is improper. For the following reasons, we affirm.

## I.

On August 3, 1994, a grand jury in Lexington, Kentucky indicted Carol Donathan on charges of seeking and accepting something of value in exchange for being influenced in her testimony under oath.[1] The indictment alleged that defendant solicited and accepted a bribe of $20,000 in exchange for testifying favorably for Dr. Tim Keenan, a defendant in a sexual harassment lawsuit then pending in the United States District Court for the Eastern District of Kentucky.

The theory of the government at trial was that defendant, aided by her boyfriend Roscoe Ratliff, Jr. and cousin Randall Martin, offered and sold favorable trial testimony to Keenan. The evidence consisted of several audiotaped telephone conversations.[2] These conversations, between Ratliff, defendant and Keenan, reveal defendant's expressed willingness to tailor her trial testimony to whichever party in the civil suit paid her the most money. The government also produced a videotape showing the transfer of $20,000 in marked money from Keenan to defendant in exchange for defendant's assurance that she would testify favorably to him at the sexual harassment trial.

Defendant, on the advice of counsel, twice tried to enter pleas of guilty. However, both proffered pleas were rejected by the trial judge because defendant refused to acknowledge her culpability with respect to elements of the crime. At trial, defendant chose not to testify and presented neither an affirmative defense nor any evidence. Throughout the proceedings, it was apparent that the relationship between defendant and her court-appointed counsel was strained.[3] After the two-day trial, the jury found defendant guilty of the charge alleged in the indictment.

The District Court sentenced defendant under United States Sentencing Guideline § 2J1.3, "Perjury or Subornation of Perjury; Bribery of Witness," and denied her the two-level reduction for acceptance of responsibility. Defendant was sentenced to one year imprisonment followed by two years of supervised release. The District Court denied defendant's post-trial motions and defendant now appeals her conviction and sentence.

## II.

### A. Sufficiency of the Evidence

■ A defendant claiming insufficiency of the evidence bears a heavy burden. *United States v. Wright*, 16 F.3d 1429, 1439 (6th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 2759, 129 L.Ed.2d 874 (1994). "When reviewing a claim of insufficient evidence, we examine the evidence in the light most favorable to the government and draw all inferences in the government's favor in order to determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt." *United States v. Riffe*, 28 F.3d 565, 567 (6th Cir.1994).

---

1. The indictment also charged Roscoe Ratliff, Jr. and Randall W. Martin with aiding and abetting. The charges against Mr. Martin were dropped midway through trial. Mr. Ratliff was convicted and his conviction has been upheld. *See United States v. Ratliff*, 59 F.3d 171 (6th Cir.1995) (Table).

2. These conversations were recorded by Keenan, who was cooperating with authorities.

3. Defendant disagreed with counsel's advice and complained to the trial judge that she was not being competently represented. In response, the trial judge advised defendant that she was getting "excellent" representation, and that it would not be a good idea to begin representing herself.

■ The elements of this 18 U.S.C. § 201(b)(4) violation are (1) that defendant was to be a witness under oath in the case of *Barnes v. Board of Education of Montgomery County, Tim Keenan, et al.;* (2) that defendant solicited or agreed to receive something of value in return for being influenced in her testimony; and (3) that defendant acted corruptly; that is, with the intent of being influenced in her testimony. It is beyond dispute that defendant was to be a witness under oath in a pending case and that she solicited and accepted $20,000 from Keenan. The final element of the crime is the one that defendant alleges went unproved.

■ Defendant argues that the government submitted no evidence from which the jury could conclude that her testimony was to be influenced by the bribe because the government did not prove that the testimony she agreed to give was other than the truth. Thus, defendant asserts, the government did not prove she acted corruptly. In response, the government argues that the audiotaped telephone conversations between defendant and Keenan establish defendant's corrupt motive.

We agree with the government. United States Exhibit No. 3, an audiotape of the telephone conversation between defendant and Keenan on March 31, 1994, sufficiently establishes defendant's corrupt motive. In that conversation, defendant touts the importance of her testimony to Keenan's defense. She also unabashedly expresses her willingness to tailor her testimony to the highest bidder. That she ultimately accepted money to tell what she now claims to be the truth does not negate her corrupt motive. The government was not required to prove that the testimony she agreed to give was false. Accordingly, the jury could have rationally found that defendant acted corruptly.

### B. Jury Instructions

■ The single-count indictment charged defendant with a violation of 18 U.S.C.

§ 201(b)(4) and the judge instructed only on that offense.[4] Defendant now argues that the judge erred by not instructing the jury, *sua sponte,* on a lesser included offense. Since defendant neither requested nor submitted a lesser-included-offense instruction, and did not object to the instructions given by the trial judge, the jury instructions are reviewable only for plain error. FED. R.CRIM.P. 30; *United States v. Sanchez,* 928 F.2d 1450, 1456 (6th Cir.1991).

■ An instruction on a lesser included offense should only be given where "the evidence would permit a jury rationally to find [a defendant] guilty of the lesser offense and acquit him of the greater." *United States v. Levy,* 904 F.2d 1026, 1031 (6th Cir.1990), *cert. denied,* 498 U.S. 1091, 111 S.Ct. 974, 112 L.Ed.2d 1060 (1991) (quoting *Hopper v. Evans,* 456 U.S. 605, 612, 102 S.Ct. 2049, 2053, 72 L.Ed.2d 367 (1982)). As discussed, a § 201(b)(4) violation requires that a defendant act "corruptly" and take something of value in return "for being influenced" in sworn testimony. The lesser included offense, contained in § 201(c)(3), omits both the "corruptly" and "influenced" elements of § 201(b)(4), and carries with it a lesser penalty.

The evidence in this case established defendant's corrupt motive and her willingness to be influenced in sworn testimony. Moreover, defendant introduced no evidence and made no argument that would support a jury's decision to convict under § 201(c)(3) and acquit under § 201(b)(4). Accordingly, the District Court did not err in failing to instruct the jury on the lesser included offense.

### C. Defendant's Motion For a New Trial

Defendant next argues that the District Court erred in failing to grant her motion for a new trial. She claims that because of ineffective representation and the totality of the circumstances surrounding her trial,[5] a

---

4. This was in accordance with the proposed jury instructions. Each party submitted their own set, and neither submitted a lesser-included-offense instruction.

5. As circumstances warranting a new trial, defendant cites the following: ineffective representation, a poor relationship with her lawyer, the trial judge's refusal to accept her guilty pleas, and the "short" pretrial preparation period (nine

new trial is required "in the interest of justice." The government argues that defendant was competently represented and received a fair trial.

When reviewing a District Court's ruling on a motion for a new trial, we will not reverse absent a clear abuse of discretion. *United States v. Seago,* 930 F.2d 482 (6th Cir.1991). To prevail on a Sixth Amendment ineffective representation claim, defendant must establish that, in light of all the circumstances, counsel's performance fell below an objective standard of reasonableness and that the resulting prejudice deprived defendant of a fair trial. *United States v. Snow,* 48 F.3d 198, 199 (6th Cir.1995). To prove prejudice, defendant must show that but for her counsel's errors, she would not have been convicted under § 201(b)(4). *See Id.*

The District Court acted within its discretion in concluding that the circumstances surrounding defendant's trial did not warrant a new trial. The trial, while not perfect, was fair. *See United States v. Ashworth,* 836 F.2d 260, 268 (6th Cir.1988). Similarly, with regard to the Sixth Amendment claim, the District Court was correct in concluding that defendant failed to bring forward sufficient evidence of incompetence and prejudice. As the District Court noted, her counsel was an experienced trial lawyer with an excellent reputation with the court. The record indicates that she understood the procedural and legal issues in the case and spent a significant amount of time preparing for trial. We are confident that defendant's conviction was a result of the overwhelming evidence against her, not the circumstances of her trial or the effectiveness of her lawyer. The District Court did not err in denying defendant's motion for a new trial.

### D. Applicable Sentencing Guideline

Defendant next argues that the District Court erred in sentencing her under United States Sentencing Guideline (USSG)

§ 2J1.3, "Perjury or Subornation of Perjury; Bribery of Witness," instead of § 2J1.9, "Payment to Witness," which imposes a lesser penalty. We review the District Court's application of the sentencing guidelines *de novo. United States v. Muhammad,* 948 F.2d 1449 (6th Cir.1991), *cert. denied,* 502 U.S. 1119, 112 S.Ct. 1239, 117 L.Ed.2d 472 (1992).

The District Court sentenced defendant under the correct guideline. Section 2J1.3 makes repeated references to "witness bribery" and the commentary to that section specifically states that it "applies to perjury, subornation of perjury, and witness bribery, generally prosecuted under the referenced statutes." United States Sentencing Commission, *Guidelines Manual,* § 2J1.3, comment. (backg'd.) (Nov.1994). The law defendant violated, 18 U.S.C. § 201(b)(4), is one of the referenced statutes. Defendant, on the other hand, offers no authority for the application of § 2J1.9. That section does not describe the relevant offense conduct except for the words "payment to witness" and references only the lesser included offense found in 18 U.S.C. § 201(c)(3). USSG § 2J1.9, comment. This is not the section under which defendant was convicted. Accordingly, the District Court did not err in sentencing the defendant under USSG § 2J1.3.

### E. Acceptance of Responsibility

Finally, defendant argues that the District Court erroneously denied her a two-level reduction under USSG § 3E1.1 for acceptance of responsibility.[6]

Defendant bears the burden of proving that she accepted responsibility by a preponderance of the evidence.[7] *United States v. Rodriguez,* 896 F.2d 1031 (6th Cir. 1990). Because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, the determination of the sentencing judge is entitled to great

---

days following the rejection of her initial guilty plea).

6. "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." USSG § 3E1.1(a).

7. As evidence that she accepted responsibility for her offense, defendant cites her two proffered guilty pleas.

542

deference on review. *See* USSG § 3E1.1, comment. (n. 5) We thus review the sentencing court's determination only for clear error. *United States v. Chalkias,* 971 F.2d 1206, 1216 (6th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 351, 121 L.Ed.2d 265 (1992).

The District Court did not err in denying the sentencing reduction. The commentary to § 3E1.1 makes it clear that acceptance of responsibility "is not intended to apply to a defendant who . . . den[ies] the essential factual elements of guilt. . . ." USSG § 3E1.1, comment. (n. 2). Here, defendant never admitted to engaging in the conduct comprising the offense; she never admitted to acting corruptly. As a result, the District Court ruled that defendant had not "adequately articulated an acceptance of responsibility for th[e] offense." The District Court acted well within its discretion. Accordingly, there was no error in denying the defendant a two-level reduction for acceptance of responsibility.

### III. Conclusion

For the above stated reasons, defendant's conviction and sentence are hereby AFFIRMED.