89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Mashaun Jackson LEVY, Defendant-Appellant.
 No. 95-5464.
 United States Court of Appeals, Sixth Circuit.
 April 30, 1996.
 
 1
 Before: SILER and COLE, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Kevin Mashaun Jackson Levy appeals a district court judgment of conviction and sentence following Levy's guilty plea to five counts of knowingly filing fraudulent claims with the Internal Revenue Service (IRS) for refund of taxes in violation of 18 U.S.C. § 287. The district court sentenced Levy to 51 months of imprisonment and three years of supervised release, imposed a $250 special assessment, and ordered Levy to pay restitution in the amount of $6,168. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In this timely appeal, Levy argues that: 1) the district court improperly denied him a reduction in his Sentencing Guideline range for an acceptance of responsibility; and 2) the district court improperly departed upward from the applicable guideline range in sentencing him.
 
 
 4
 We first conclude that the district court properly denied Levy a downward adjustment in his guideline range for acceptance of responsibility under USSG § 3E1.1. The defendant has the burden of proving his acceptance of responsibility by a preponderance of the evidence. United States v. Donathan, 65 F.3d 537, 541-42 (6th Cir.1995). The district court's determination concerning the defendant's acceptance of responsibility is a question of fact that is subject to a clearly erroneous standard of review. United States v. Mahaffey, 53 F.3d 128, 134 (6th Cir.1995). Given that such a determination is heavily dependent on the district court's assessment of the defendant's credibility, absent extraordinary circumstances, review in this regard will nearly always result in sustaining the district court's determination. United States v. Downs, 955 F.2d 397, 400 (6th Cir.1992).
 
 
 5
 Levy has not met his burden of proving that he is entitled to the acceptance of responsibility reduction. In February 1993, Levy admitted to IRS agents that he prepared and submitted fraudulent tax returns claiming improperly large refunds on behalf of ten individuals for tax year 1991. Testimony presented at the sentencing hearing revealed that, in April 1994, Levy submitted another fraudulent return, his personal form on this occasion, for tax year 1993. Although Levy denied filing this return, the district court concluded that his testimony was not credible and that Levy did file the false 1993 return. The district court properly denied Levy the acceptance of responsibility reduction because a reduction under USSG § 3E1.1 is not warranted where the defendant engages in ongoing criminal activity after he acknowledges his guilt of the underlying offense. See United States v. Zimmer, 14 F.3d 286, 289 (6th Cir.1994). Further, the court clearly denied the acceptance of responsibility reduction when the court found that Levy had filed the fraudulent 1993 return.
 
 
 6
 We also conclude that the district court properly departed upward from the applicable guideline range in sentencing Levy. In reviewing a district court's upward departure from the guideline range, this court must: 1) determine that the case is sufficiently unusual to warrant departure; 2) determine whether the unusual circumstances actually exist in the case; and 3) ensure that the direction and scope of the departure was reasonable. United States v. Joan, 883 F.2d 491, 494 (6th Cir.1989).
 
 
 7
 In this case, the district court determined that Levy had a Total Offense Level of 11 and a Criminal History Category of VI, which resulted in a guideline range of 27 to 33 months. Although Levy received a Criminal History Category of VI (the highest category), his criminal history score of 33 points was almost three times the amount (13 points) required to place him in this category. The district court noted that Levy's extensive criminal background was not accurately reflected by his Criminal History Category and concluded that an upward departure from the guideline range was warranted. An excessive criminal history score is sufficiently unusual to warrant upward departure, see United States v. Thomas, 24 F.3d 829, 832-33 (6th Cir.) (criminal history score of 43 warrants departure), cert. denied, 115 S.Ct. 453 (1994); United States v. Osborne, 948 F.2d 210, 214 (6th Cir.1991) (24 points constitutes grounds for upward departure), and it is undisputed that the high criminal history score existed in this case.
 
 
 8
 Further, the direction and scope of the upward departure in this case was reasonable. The district court noted that most of Levy's 33 criminal history points had been accumulated in a short period of time and that Levy had served several short jail terms, none of which had apparently made an impression upon him. Consequently, the court determined that a sentence in excess of four years was required to make an impression upon Levy and that an additional 18 months of imprisonment beyond the 33 months at the top of Levy's original guideline range was necessary. As Levy was already in Criminal History Category VI, the district court moved incrementally down the sentencing table to the next higher offense level in Category VI, see USSG § 4A1.3, p.s., until the court arrived at Total Offense Level 15. A Total Offense Level 15 and a Criminal History Category of VI resulted in a guideline range of 41 to 61 months. The court utilized this range in sentencing Levy to 51 months of imprisonment.
 
 
 9
 Levy argues that the district court should have explained its reasoning for not utilizing Total Offense Levels 12, 13 and 14 when considering the upward departure, rather than skipping from level 11 to 15. However, the district court is not required to provide a mechanistic recitation of its rejection of each intervening guideline range. United States v. Little, 61 F.3d 450, 454 (6th Cir.1995), cert. denied, 1995 WL 770052 (U.S. Feb. 20, 1996); Thomas, 24 F.3d at 834. Rather, the district court only needs to move incrementally down the sentencing table until it finds an appropriate offense level for the case. Id. As the court determined that Total Offense Level 15 was necessary for an appropriate guideline range, the district court properly utilized that level.
 
 
 10
 Accordingly, this court affirms the district court's judgment.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation