UNITED STATES of America,
Plaintiff–Appellee,

v.

Guillermo DEPAZ, Defendant–
Appellant.

No. 00–6003.

United States Court of Appeals,
Sixth Circuit.

Oct. 29, 2001.

Before SUHRHEINICH and COLE, Circuit Judges; COLLIER, District Judge.*

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

## ORDER

This is a direct appeal from a judgment and commitment order in a criminal prosecution. The parties have waived oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On January 26, 2000, Guillermo DePaz was named in a three-count indictment on charges related to the acquisition and distribution of cocaine in and around Memphis, Tennessee. DePaz later offered a plea to two counts of the indictment. The district court accepted the plea and found DePaz guilty of aiding and abetting in the possession of 35.4 grams of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and conspiracy to possess 2 kilograms of cocaine with the intent to distribute, in violation of 21 U.S.C. § 846. The court sentenced DePaz to concurrent ninety-seven month terms of imprisonment and a four year period of supervised release.

The proffer and statement of fact adopted by the district court reflects that DePaz was prosecuted for his direct participation in a controlled purchase of cocaine and for his involvement in a scheme to smuggle cocaine through the mail. On August 26, 1998, Memphis law enforcement agents purchased a little more than thirty-five grams of cocaine from DePaz and another individual at a Calvary Street residence. The officer posing as a cocaine buyer negotiated directly with DePaz after he personally brought the cocaine into the room where the transaction took place. On December 2, 1998, a postal inspector intercepted two parcels bound for different Memphis addresses. Each parcel contained a stuffed toy animal; the "stuffing" in each animal was augmented by a one kilogram parcel of cocaine. One of the animals was addressed to Javier Hernandez, a construction worker whose foreman was DePaz. Hernandez was arrested after he signed for the package and he admitted that DePaz had asked him to accept delivery of the package. The other animal was addressed to DePaz's residence on St. Pierre Boulevard. The mother of DePaz's child, Yolanda Lopez, accepted the controlled delivery of the package at that address. Law enforcement officers immediately arrested Lopez and searched the residence. They found two loaded, operable pistols, $2,000 in cash, and four stuffed toy animals that had been sliced open to create openings so that they were similar to the cocaine-stuffed animals intercepted.

DePaz was named in three counts of a superseding indictment and he ultimately offered a guilty plea to Counts One and Two. In Count One, DePaz was accused of being aided and abetted by others in possessing with the intent to distribute "approximately 35.4 grams of cocaine," a Schedule II substance as defined in 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. DePaz was accused of conspiring with others to possess with intent to distribute, and to distribute, "approximately two kilograms of a mixture and substance containing a detectable amount of cocaine," a Schedule II substance as defined in 21 U.S.C. § 812, all in violation of 21 U.S.C. § 846. DePaz offered to plead guilty to these counts in exchange, in part, for recommendations that 1) DePaz receive a reduction in his base offense level in recognition of his acceptance of responsibility and that 2) DePaz should be sentenced to the statutory minimum or the lowest end of the guideline range. The district court accepted the plea and the matter was set over for sentencing pending the completion of a presentence report.

The presentence report shows that, in an interview with DePaz and his counsel prior to imposition of sentence, DePaz expressly denied having any knowledge or

involvement of most of the acts that supported Count 2 of the indictment. DePaz specifically claimed not to know that his residence was being used to facilitate cocaine transactions and he also disavowed any knowledge of, or involvement in, cocaine distribution.

The matter proceeded to a sentencing hearing. Counsel for DePaz indicated that DePaz wished to change his unqualified guilty plea to an *Alford* plea. The court reserved ruling and heard the government's testimony from law enforcement officials and another member of the conspiracy, Javier Hernandez; DePaz did not take the stand. The testimony was directed to Depaz's role in the offense, to the amount of cocaine seized, and to the type of firearms seized at the St. Pierre residence. The district court considered and rejected DePaz's requests to change his plea to an *Alford* plea and to grant a reduction for an acceptance of responsibility. The court concluded that the firearm enhancement was well earned and arrived at a sentencing range of 97–121 months. The court proceeded to sentence DePaz to the concurrent ninety-seven month terms of record.

▉ On appeal, counsel for DePaz brings four assignments of error directed to DePaz's sentence. The first issue is that the district court erred in declining to grant DePaz's request for a downward adjustment in his base offense level in recognition of DePaz's acceptance of responsibility. Counsel bases this assignment on the premise that DePaz would have accepted responsibility if he had been prodded to do so more vigorously by the probation officer. Every defendant has the burden of demonstrating by a preponderance of evidence that he is entitled to a sentence reduction under USSG § 3E1.1 for having accepted responsibility for his actions. *United States v. Surratt,* 87 F.3d 814, 821 (6th Cir.1996). " 'Because the sentencing

judge is in a unique position to evaluate a defendant's acceptance of responsibility, the determination of the sentencing judge is entitled to great deference on review.' " *Id.* (quoting *United States v. Donathan,* 65 F.3d 537, 541–42 (6th Cir.1995)); *see also* USSG § 3E1.1, comment. (n.5). This court reviews the district court's determination in this regard for clear error. *Id.* The record is clear that DePaz spent much of his post-plea efforts attempting to portray his involvement in the cocaine conspiracy as minimal although he did not take the stand under oath to say so at sentencing. The district court's decision to deny the § 3E1.1 adjustment in the face of DePaz's stance cannot be grounds for reversal.

▉ The second issue raised is that the district court erred in applying the USSG § 2D1.1 firearm enhancement to DePaz's base offense level. The base offense level of one convicted of a drug offense may be increased by two levels if a dangerous weapon was possessed. USSG § 2D1.1(b)(1). "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.3). "[T]he government must establish that (1) the defendant actually or constructively 'possessed' the weapon, and (2) such possession was during the commission of the offense" for a § 2D1.1 enhancement. *United States v. Hill,* 79 F.3d 1477, 1485 (6th Cir.1996). Constructive possession may be shown by a defendant's ownership, dominion, or control over the firearm. *Id.* After the government shows that the defendant possessed the weapon, the burden then shifts to the defendant to show it is clearly improbable that the weapon was connected to the offense. *Id.* If the offense is committed as part of a conspiracy, the government does not have to show that the defen-

dant actually possessed the weapon, but instead may establish that another member of the conspiracy possessed a firearm and that the co-conspirator's possession was reasonably foreseeable by other members of the conspiracy. *United States v. Sanchez,* 928 F.2d 1450, 1459 (6th Cir. 1991). This court reviews for clear error a finding that a defendant possessed a firearm under § 2D1.1(b)(1). *United States v. Elder,* 90 F.3d 1110, 1133 (6th Cir.1996).

■ This assigned error lacks merit. DePaz has never disputed the fact that loaded, operable firearms were found in an apartment he shares with other members of the conspiracy and to which some of the drug-filled toys were mailed. It was thus incumbent upon DePaz to offer *some* evidence showing that the presence of the firearms at this residence was not clearly foreseeable by him and that it was clearly improbable that they were connected to the offense. He failed to shoulder or satisfy this burden at trial and the district court's decision in this regard cannot be clear error.

■ DePaz's final two assigned errors are that he was sentenced in violation of the principles set forth in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In essence, DePaz argues that his sentence was unconstitutional because the district court determined the quantity of cocaine involved in the crimes of conviction by a preponderance of the evidence. In *Apprendi,* the Supreme Court announced a new constitutional rule of criminal procedure by holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Id.* at 490. "Despite what appears to us the clear 'elemental' nature of the factor here, the relevant inquiry is one not of form, but of effect—does the re-

quired finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" *I, 120 S.Ct. 2348d.* at 494 (footnote omitted). DePaz did not raise timely objections on the *Apprendi* issue, and therefore this court reviews the *Apprendi* claims for plain error. *United States v. Page,* 232 F.3d 536, 543–544 (6th Cir.2000). The four prongs of plain error review are: 1) there must be an error; 2) the error must be plain; 3) the error must affect the defendant's substantial rights; and (4) the error must seriously affect the fairness, integrity or public reputation of judicial proceedings. *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

■ This case is not marred by reversible error under *Apprendi* regardless of the standard of proof used by the district court in determining the relevant drug quantity. An *Apprendi* error rises to the level of "plain error" only where the defendant's sentence exceeds the maximum possible sentence that could be imposed by statute absent the offending "sentencing factor" determined under the "preponderance" standard. *United States v. Neuhausser,* 241 F.3d 460, 464–66, 471–72 (6th Cir.2001). in the case at bar, there is absolutely no dispute that DePaz was guilty of crimes involving cocaine. Therefore, even if the court accepts his argument, his sentence would then be determined by resort to 21 U.S.C. § 841(b)(1)(C), the "catchall" penalty provision for offenses involving cocaine. This statutory provision establishes a sentencing range of zero to twenty years of imprisonment. DePaz's ninety-seven month sentence does not exceed the statutory maximum of twenty years and the district court clearly made no reference to any statutory minimum, a factor that may have raised *Apprendi* concerns. *See, e.g., Unit-*

*ed States v. Strayhorn,* 250 F.3d 462, 470–71 (6th Cir.2001). These assigned errors lack merit.

Accordingly, the district court's judgment is affirmed.