**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bernard FITCH, Defendant–Appellant.**

Nos. 00–5056, 00–5057.

United States Court of Appeals,
Sixth Circuit.

Dec. 20, 2001.

Before CLAY and JONES, Circuit Judges; and DOWD, Senior District Judge.*

* The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

DOWD, District Judge.

The defendant-appellant, Bernard Fitch, was one of thirteen defendants charged with conspiring to possess with an intent to distribute and with distributing approximately 500 kilograms of marijuana. In a separate information, Fitch was charged with conspiracy to commit money laundering. He was subsequently sentenced to a period of incarceration of 140 months. On appeal, he challenges only his sentence contending that the trial court erred in determining the weight of the marijuana chargeable to him, in denying a credit for acceptance of responsibility, and in refusing to declare him to be a minor or minimal participant in the conspiracy. For the reasons set forth below, we **AFFIRM**.

## BACKGROUND

Fitch entered pleas of guilty in both cases presently on appeal.[1] Consequently, the only issues relate to Fitch's sentence of 140 months. Prior to the sentencing, and in an attempt to gain credit for substantial assistance, Fitch submitted to questioning by government agents. The Presentence Report calculated the base offense level as a 28 based on 1000 pounds of marijuana involved in the conspiracy, denied Fitch a credit for acceptance of responsibility, and neither added nor subtracted any levels for his role in the conspiracy. Fitch, who was born in 1972, had already accumulated enough convictions to support 16 criminal history points, resulting in a Criminal History Category VI, which called for a sentencing range of 140 to 175 months.

Fitch's counsel prepared and filed an extensive objection to the Presentence Report, challenging the denial of credit for acceptance of responsibility and seeking a reduction from the base offense level for a minor role in the conspiracy. The argument was also presented for a downward departure as to the Criminal History Category of VI. In the objection, Fitch's counsel requested an evidentiary hearing and summarized his position as follows:

18. Your defendant respectfully renews his *motions for credit for acceptance responsibility*, for a finding of mitigating factors in his favor meriting a further reduction in his offense level, and for a downward departure on his sentence pursuant to United States Sentencing Guidelines due to the criminal history category which makes your Defendant's criminal history classification appear to be worse than it actually is.

(J.A. at 134).

The sentencing hearing included the testimony of two law enforcement officers, Fitch's fiancee and his sister. Following the testimony, Fitch's counsel argued for a credit for acceptance of responsibility, a finding of a minor or minimal role in the conspiracy and a downward departure for Fitch's Criminal History Category. However, consistent with the absence of a challenge to the base offense level of 28 based on a finding that the conspiracy involved 1000 pounds of marijuana converted to 454 kg of marijuana, no challenge was raised during the sentencing hearing to the initial determination of the base offense level. Before the district court completed the sentencing hearing, he asked Fitch's counsel if he had anything else and his counsel responded:

Yes, your honor. One more thing, if I may. And this briefly, I would rely on everything I have raised on his behalf when I ask for the acceptance of responsibility, and a minor, if not a minimal

---

1. The record references herein are to the record in Case No. 00–5056, which was Case No. 99–20081 in the district court.

role, because he clearly was the smaller one in this indictment. Clearly, most of the people in the indictment knew of this criminal enterprise.

(Sentencing hearing, R. 415 at 91).[2]

On appeal, and for the first time, Fitch challenges the base offense level of 28, contending that it should have been a 26 because the proof failed to demonstrate that he should be charged with 454 kilograms of marijuana for sentencing purposes. Fitch also challenges the denial of a credit for acceptance of responsibility and of a credit for a minor role in the conspiracy.

## DISCUSSION

### Denial of Credit For Acceptance of Responsibility

In this case, the defendant entered his pleas of guilty in September 1999, but was not sentenced until three months later. Normally, a defendant who enters a timely plea of guilty is granted a reduction for acceptance of responsibility of either two or three levels. Initially, the Presentence Investigation Report recommended a reduction for acceptance of responsibility. However, the November 30, 1999 addendum to the report indicates that, upon timely challenge by the government, that reduction was deleted. Thereafter, the court gave considerable attention during the sentencing hearing to the issue of whether the defendant should be accorded a reduction for acceptance of responsibility and declined to do so.

On appeal, a challenge to the denial of a downward adjustment for acceptance of responsibility is subject to the clearly erroneous standard of review. *United States v. Donathan*, 65 F.3d 537, 541–42 (6th Cir.1995); *United States v. Snyder*, 913

F.2d 300, 305 (6th Cir.1990), *cert. denied,* 498 U.S. 1039, 111 S.Ct. 709, 112 L.Ed.2d 698 (1991).

■ The district court concluded that Fitch had written several letters to the court that minimized his involvement in the conspiracy. By letter dated October 18, 1999, the defendant advised the sentencing judge that he only helped to break down one load of marijuana. However, testimony was presented during the sentencing hearing that in his proffer to the government the defendant admitted to assisting in breaking down two shipments of marijuana, each containing at least 100 pounds of marijuana. When interviewed by the probation officer on September 21, 1999, the defendant stated that he only helped break down one shipment that weighed 50 pounds. Against such a background, we find that the district court's denial of a reduction for acceptance of responsibility was not clearly erroneous.

### Fitch's Role in The Conspiracy

In multi-defendant cases involving charges of conspiracy, a defendant's role in the offense is frequently a critical factor in determining the adjusted offense level. Appellate review of a district court's determination regarding a defendant's role in the offense is subject to the clearly erroneous standard. *United States v. Perry*, 908 F.2d 56, 58 (6th Cir.), *cert. denied,* 498 U.S. 1002, 111 S.Ct. 565, 112 L.Ed.2d 571 (1990). The district court can add or subtract as many as four levels for a defendant's role in the offense.

■ Fitch was neither subjected to an increase nor rewarded with a decrease. Once again, the district court carefully considered the issue of role in the offense.

**2.** The Joint Appendix does not contain the entire transcript of the sentencing hearing; therefore, the Court is unable to cite to the Joint Appendix as a source for this statement.

The court concluded that Fitch's assistance on two occasions in breaking down a large delivery of marijuana in the Memphis, Tennessee area for further distribution negated any reduction for role in the offense. Our review indicates that Fitch's objections fail to demonstrate a clearly erroneous ruling on the part of the district court.

### Calculation of Quantity of Drugs Attributable to Fitch

In drug conspiracy cases, the district court is required to determine, as to each defendant, the quantity of drugs for which the defendant is to be held responsible. *United States v. Hoskins*, 173 F.3d 351 (6th Cir.1999) teaches that, in a drug conspiracy case, "[w]hen a defendant is being held accountable for the actions of others that conduct must have been in furtherance of activity that the defendant jointly undertook with others, and it must have been known or reasonably foreseeable to him." *Id.* at 354.

No challenge was raised at Fitch's sentencing with respect to the district court's determination of the quantity of drugs used in calculating the base offense level of Fitch, one of many charged co-conspirators. Generally, a failure to object at sentencing forfeits any challenge to the sentence on appeal. *United States v. Olano*, 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (explaining that errors not timely raised in the district court are forfeited). However, forfeited error may be corrected on appeal pursuant to Fed. R.Crim.P.52(b) if the error is plain. *Id.* A "plain error" is an error that is clear or obvious, and if it affects substantial rights, it may be noticed by an appellate court. *Id.* at 734.

Courts of appeal have authority to correct plain errors, but are not required to do so. *Id.* at 735–36. Generally, the courts of appeal should exercise their discretion to correct a plain forfeited error that affects substantial rights only "if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 736 (quoting *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936)).

In this case, the district court conducted an extensive sentencing hearing based on Fitch's objections to the probation officer's calculations. Four witnesses testified. At the conclusion of the testimony, the district court sentenced Fitch based upon the determination that the base offense level was 28. Such a factual determination, by necessity, must rest on the determination that between 400 and 700 kilograms of marijuana were attributable to Fitch based upon his conduct within the conspiracy. However, after listening to the testimony at the sentencing hearing, the district court made no factual finding to support the base offense level calculation appearing in the Presentence Investigation Report. On appeal, the government contends that ¶ 18 of the Presentence Investigation Report supports the court's finding.[3]

On appeal, Fitch contends that his involvement in breaking down the loads of 100 and 150 pounds of marijuana in 1998, results only in 134 kilograms of marijuana.

---

3. Paragraph 18 of the Presentence Investigation Report states,

> According to information supplied by Assistant U.S. Attorney Paul O'Brien, the defendant can be linked to the entire scope of the conspiracy (i.e. 1000 pounds of marijuana and 1 kilogram of cocaine) since he was assisting Rhonda Fitch in the conspiracy.

> Although he was not involved in every act of the conspiracy, the defendant was involved in a jointly undertaken criminal activity in which he knew that Rhonda Fitch was involved in a large illegal drug operation and could have reasonably foreseen the entire scope of the conspiracy.

Presentence Investigation Report, at ¶ 18.

**420**

When coupled with the 1 kilogram of cocaine, which converts to 200 kilograms of marijuana, Fitch argues that the quantity of marijuana chargeable to him is below 400 kilograms thereby producing an offense level below the minimum of 400 kilograms that justifies an offense level of 28.

■ In the context of this dispute, Fitch also argues that some of his additional purchases of marijuana from the primary leader of the conspiracy (*i.e.*, Rhonda Fitch), were limited to a buyer/seller relationship and were unrelated to the charged conspiracy. Fitch has cited *United States v. Grunsfeld*, 558 F.2d 1231, 1235 (6th Cir.), *cert. denied sub nom. Flowers v. United States*, 434 U.S. 872, 98 S.Ct. 219, 54 L.Ed.2d 152 (1977), for the proposition that a buyer/seller relationship, standing alone, is not sufficient to tie a buyer to a conspiracy. However, we find Fitch's reliance upon *Grunsfeld* misplaced. Here, it is beyond dispute that he was part of and pled guilty to involvement in a conspiracy. Thus, the incidental buyer/seller transactions are such that Fitch may be held responsible in terms of calculating the base offense level.

Our review of the record fails to disclose a clear or obvious error in the calculation of the base offense level of 28.

Judgment **AFFIRMED.**