NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0851n.06
Filed: November 20, 2006

No. 06-5207

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| *Plaintiff - Appellee*, ) | |
| ) | |
| v. ) | On Appeal from the United |
| ) | States District Court for the |
| ALISSA C. BUDD, a.k.a. Nicole Hughes, ) | Western District of Tennessee |
| *Defendant - Appellant*. ) | |
| ) | |

BEFORE:    BATCHELDER and MERRITT, Circuit Judges; HEYBURN,[*] Chief District
Judge

JOHN G. HEYBURN II, Chief District Judge.  Appellant Alissa C. Budd, a.k.a. Nicole

Hughes, appeals from her plea agreement and sentence.  She argues that the district court erred when

it increased her sentence for obstruction of justice and refused to grant a reduction in her base offense

level for acceptance of responsibility.  For the reasons that follow, we affirm.

**I.**

On June 13, 2005, Appellant Alissa Budd pled guilty to two counts: conspiracy to possess

with intent to distribute and attempt to possess with intent to distribute methamphetamine.  The

plea was entered pursuant to a plea agreement wherein the government agreed to recommend a

reduction in sentence for acceptance of responsibility.  Sentencing was scheduled originally for

---

[*] The Honorable John G. Heyburn II, Chief United States District Judge for the Western
District of Kentucky, sitting by designation.

September 8, 2005. On that date, the district court granted a continuance on defendant's motion

to allow Budd to visit her elderly grandmother in Texas. After several reschedulings, sentencing

was set for November 22, 2005. After Defendant failed to appear, the district court issued an

arrest warrant. Defendant was arrested on December 21, 2005, hiding under a bed in the

Northern District of Mississippi. She claimed that she fled to visit her grandmother and was

planning to turn herself in "after the holidays." A new sentencing hearing was schedule for

February 3, 2006. The new pre-sentence report delivered to the court at that time removed the

previously calculated three-level reduction for acceptance of responsibility, and added a two-

level enhancement for obstruction of justice due to the defendant's willful failure to appear at

sentencing. The district court sentenced Budd to 210 months incarceration, the low end of the

Federal Sentencing Guideline range.

## II.

Appellant first argues that the district court erred when it increased her sentence for

obstruction of justice. However, as the United States correctly points out, Appellant failed to

contemporaneously object to enhancement, thus waiving the objection. Failure to object to

sentencing errors in the district court constitutes a waiver of the right to appeal those issues, in

the absence of "plain error."[1] *United States v. Cullens*, 67 F.3d 123, 124 (6th Cir. 1995).

Furthermore, the Federal Sentencing Guidelines' Application Notes provide a reasonable basis

---

[1] "Plain error" may be considered on appeal even when Defendant fails to bring it to the court's attention at sentencing. *United States v. Swanberg*, 370 F.3d 622, 627 (6th Cir. 2004). Appellant does not argue "plain error" in this case.

for the district court to increase Budd's offense level by 2 levels. *See* U.S. Sentencing Guidelines Manual § 3C1.1 note 4(e) (stating that "willfully failing to appear, as ordered, for a judicial proceeding" is a type of conduct for which an upward adjustment to the offense level may be granted). Thus it was properly within the district court's discretion to find that Appellant's behavior after her guilty plea constituted obstruction of justice, and it was not error to increase her sentence.

Appellant next argues that the district court erred when it refused to grant a reduction in her base offense level for acceptance of responsibility. However, the defendant bears the burden of proving "acceptance of responsibility" by a preponderance of the evidence. *United States v. Donathan*, 65 F.3d 537, 541 (6th Cir. 1995). The district court's denial of a reduction in the defendant's base offense level for acceptance of responsibility is generally a question of fact entitled to great deference on review, and will not be disturbed unless clearly erroneous. *United States v. Corrigan*, 128 F.3d 330, 336 (6th Cir. 1997). The decision not to grant a reduction for acceptance of responsibility was within the discretion of the district court and was proper under these circumstances.

The district court did not err when it increased Appellant's sentence and refused to grant a reduction. We AFFIRM.